[Civil No. 1761.  Filed December 31, 1919.]

[185 Pac. 933.]

# THE THIEL DETECTIVE SERVICE COMPANY, a Corporation, Appellant, v. YAVAPAI COUNTY, ARIZONA, a Municipal Corporation, Appellee.

JUDGMENT—JUDGMENT ENTERED ON COMPROMISE BY ATTORNEY INSTEAD OF SUPERVISORS VACATED.—Where the board of supervisors had expressly rejected a claim against the county on which suit was based, the action of the county attorney in stipulating against the wish and without the consent of the board, for judgment in favor of the claimant against the county was an unwarranted and unlawful usurpation of authority, and judgment entered thereon was properly vacated on motion; Civil Code of 1913, paragraph 2418, vesting the board of supervisors alone with power to compromise suits.

APPEAL from an order of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Affirmed.

Messrs. Anderson & Ellis, for Appellant.

Mr. R. E. Morrison, for Appellee.

BAKER, J.—This is an appeal by the Thiel Detective Service Company from an order of the superior court of Yavapai county setting aside and vacating a judgment obtained by the company and against the county of Yavapai for the sum of $6,772.34.

The facts, as disclosed by the record, are briefly these: The Thiel Detective Service Company was employed by the sheriff of Yavapai county to ferret out and obtain evidence of violations of the liquor law in the county, and for its operators and detectives to attend upon the courts as witnesses in cases where

Right of attorney to compromise client's cause of action, note, **Ann. Cas.** 1915B, 832.

the evidence of such violations had been secured by the operators and detectives of the company. The company presented a duly itemized and verified claim to the board of supervisors of the county for allowance in the sum of $7,200.34 for its services under said employment from the twentieth day of January, 1917, to the thirtieth day of December, 1917. The claim was rejected by the board of supervisors, and thereafter the company brought suit against the county to recover the amount of the claim. The county demurred to the complaint and answered with a general denial. Thereafter, on December 28, 1918, a stipulation in writing was entered into by the attorneys for the company and the county attorney that judgment might be entered in favor of the company and against the county for the sum of $6,772.34 in the action. Thereafter, on December 31, 1918, a judgment for said sum was given in favor of the company and against the county. On April 9, 1919, the county, acting by and through the chairman of the board of supervisors, made a motion to set aside and vacate the judgment, on the ground principally that the county attorney had no authority, right or power to enter into the stipulation for judgment, and that such judgment was entered without the knowledge, consent or acquiescence of the board of supervisors and upon a claim which had been rejected by said board. After hearing the motion to vacate, the court, on June 28, 1919, entered the order in question vacating and setting aside the judgment against the county.

Chapter 5, title 10, pages 873, 874, Civil Code of 1913, fully defines the duties and authority of county attorneys, and said chapter does not include the authority to compromise suits in which the county is interested without the consent or knowledge of the board of supervisors. The board of supervisors of

a county is alone vested with the power to direct and control the prosecution and defense of all suits to which the county is a party, and to compromise the same. Civ. Code 1913, par. 2418. The board of supervisors had expressly rejected the claim upon which the suit was based, and the action of the county attorney in stipulating for the judgment against the wish and without the consent of the board was an unwarranted and unlawful usurpation of authority. If we were to hold otherwise, we would open a wide door and opportunity for wrongdoing. We think, when the matter was brought to the attention of the court by the motion to vacate, it was not only within the discretionary power of the court, but it was its absolute duty, to set aside the judgment. No other question need be decided in the case, and none other is decided.

The order of the lower court is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.