Aloys **HOLZER** and Lawrence Holzer, Appellants,

v.

**UNITED STATES** of America, Harry Tenborg, United States Marshal, and William O'Leary, Deputy United States Marshal; and Kasmer Mastel and Theresia Mastel, his wife, Appellees.

No. 15756.

United States Court of Appeals
Eighth Circuit.

June 5, 1957.

---

5. See Hedrick v. Fraternal Order of Fishermen of Alaska, D.C., 103 F.Supp. 582.

SANBORN, Circuit Judge.

This is an appeal in an action to quiet title to a tract of land in Emmons County, North Dakota, from an order denying a motion of the plaintiffs (appellants) "for a temporary injunction restraining [during the pendency of the action] the United States Federal Attorney * * * and his assistants, and the United States Marshal * * * and his deputies, from selling at judicial sale or otherwise, the property described in the complaint."

The allegations of the complaint are, in substance, that prior to December 23, 1955, Joseph L. Holzer and his wife, Elizabeth Holzer, were the owners of the land in suit; that on that day they entered into a contract to sell the land to Kasmer Mastel and Theresia Mastel for $12,500—$6,500 payable in cash at the time of the execution of the contract, and the balance of $6,000 in instalments of $2,000 each, payable on November 1 of each year thereafter until fully paid, with 4% interest; that on February 9, 1956, a judgment was obtained in the United States District Court for the District of North Dakota by the United States against Joseph L. Holzer and wife, which judgment was docketed in Emmons County, North Dakota, on June 10, 1956; that the United States Marshal on June 12, 1956, levied upon the land in suit, under execution; that the levy was void because the Mastels were the equitable owners of the land, and Joseph L. Holzer and wife had a mere legal title which they held as security for the unpaid balance of the purchase price under the contract for deed, and which title could not be reached by the levy and was not real estate; that on November 29, 1956, Joseph L. Holzer and his wife assigned to the plaintiffs the contract for deed and the money due thereon, and that the assignment was duly recorded with the Register of Deeds of Emmons County on December 6, 1956. In their complaint the plaintiffs asked that they be determined to be the owners of the vendors' interest in the contract for deed and that the United States be

J. K. Murray, Bismarck, N. D., filed brief for appellants.

Robert Vogel, U. S. Atty., and William R. Mills, Asst. U. S. Atty., Fargo, N. D., filed brief for appellee, United States of America.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

adjudged to have no right, title or interest in the land.

The United States in its answer recognized the validity of the contract of sale to the Mastels, and asserted that its judgment against Joseph L. Holzer became "a lien upon all interest that Joseph L. Holzer and Elizabeth Holzer, or either of them, had upon or in the real estate described in plaintiffs' complaint." The defendant, United States, asked that the action of the plaintiffs be dismissed.

At the hearing on the plaintiffs' motion for a temporary injunction to prevent a proposed sale under execution to satisfy the judgment of the United States, it developed that the defendants (appellees) were not proposing to sell the land, but merely to sell whatever right, title and interest Joseph L. Holzer and wife had in the land, subject to the rights of the Mastels under their contract for deed.

The court, in denying the plaintiffs' motion for a temporary injunction, gave no reasons for its action.

In their brief the plaintiffs say: "There is only one point of law on this appeal. That point of law is this: Can the interest of a vendor, which is personal property, under a contract for deed, be levied upon and sold as real property by virtue of a judgment against the vendor?"

It is true that at the hearing on the plaintiffs' motion for a temporary injunction they argued that, under North Dakota law, after Joseph L. Holzer and his wife sold the land in suit under contract to the Mastels, his interest in the land was not subject to sale under execution, because his title was a naked legal title, and, in effect, merely security for the unpaid balance of the purchase price. It is also true that the Government contended at the hearing that the interest of Joseph L. Holzer in the land could be sold under execution and that a purchaser of such interest at the execution sale would acquire the rights of Holzer to deferred payments under the contract for deed.

We cannot regard the District Court's ruling on the motion for a temporary injunction as a definitive determination of the question which the plaintiffs seek to have us decide. The question for decision is not as stated by the plaintiffs. The question is whether the District Court abused its discretion in denying a temporary injunction.

The granting or denial of a temporary injunction pending the trial and determination of a case rests in the sound discretion of the trial court, and its order may not be reversed by the appellate court without clear proof of an abuse of discretion, even though the appellate court would, or thinks it might, have made a different order. Pratt v. Stout, 8 Cir., 85 F.2d 172, 177 and cases cited.

An appellate court, upon an appeal from an order granting or denying a temporary injunction, will ordinarily not consider the merits of a case further than is necessary to determine whether the trial court abused its discretion. Pratt v. Stout, supra, at page 177 of 85 F.2d.

Before the question which the plaintiffs seek to have us decide will be ripe for review on appeal, their action must be tried on the merits and determined by the District Court. See and compare, Chicago Great Western Ry. Co. v. Chicago, Burlington & Quincy R. Co., 8 Cir., 193 F.2d 975, 978. Where a case turns upon a question of local law, the considered views of the trial judge are of importance. Buder v. Becker, 8 Cir., 185 F.2d 311, 315.

In refusing to restrain the defendants from selling whatever interest Joseph L. Holzer and his wife had in the land in suit at the time the United States asserts it acquired a lien upon that interest, the District Court did not abuse its discretion.

The order appealed from is affirmed.