**MESABI IRON COMPANY, a Delaware Corporation, Appellant,**

v.

**RESERVE MINING COMPANY, a Minnesota Corporation, Appellee,**
(two cases).

Nos. 16250, 16251.

United States Court of Appeals
Eighth Circuit.

Oct. 7, 1959.

568

by appellant Mesabi Iron Company to the appellee while the other lease was originally executed by one Peters to the Mesabi Iron Company and by Mesabi Iron Company assigned to appellee Reserve Mining Company. Mesabi Iron Company is a Delaware corporation authorized to do business in the state of Minnesota and at all times here pertinent was and is the owner of leasehold or fee interests in iron mining properties in Minnesota. Reserve Mining Company is a Minnesota corporation engaged in the businesses, among others, of mining taconite and of producing iron ore concentrates therefrom and of operating a railway, a dock, a harbor and a power plant in Minnesota. The pleadings are very voluminous, followed by various motions culminating in two orders, the second largely explanatory of the first. The issues raised by the pleadings were not tried on their merits and the various motions were presented on affidavits, and no final judgment has been entered, but the appeal is from the order determining the various motions. The orders disclose the nature of the issues presented and determined. The first order, dated March 30, 1959, reads as follows:

"Based upon the file and the arguments and briefs of counsel,

"It is ordered that a mandatory injunction issue requiring that, pursuant to the arbitration clause, Reserve and Mesabi proceed with the arbitration of

"(a) all questions now before the arbitrators;

"(b) all questions which have arisen under the assignment of the Peters Lease or Mesabi Lease as to which Reserve and Mesabi have demanded or may demand arbitration; and

"(c) all questions which hereafter arise under the assignment of the Peters Lease or Mesabi Lease as to which Reserve and Mesabi may demand arbitration; and,

"all regardless of any proceedings taken in any court by Mesabi or any

Ray G. Palmer, Duluth, Minn., and Jesse Climenko, New York City (Palmer, Hood, Crassweller & McCarthy, Duluth, Minn., and Gallop, Climenko & Gould, New York City, on the brief), for appellant.

J. E. Montague, Jr., and Walter J. Milde, Cleveland, Ohio (Dancer, Montague, Applequist, Lyons, Nolan & Nordine, Duluth, Minn., and Jones, Day, Cockley & Reavis, Cleveland, Ohio, on the brief), for appellee.

Before GARDNER and VOGEL, Circuit Judges, and MICKELSON, District Judge.

GARDNER, Circuit Judge.

This was an equitable action brought by appellee Reserve Mining Company which in effect sought specific performance of certain provisions of mining leases. One of these leases was executed

officer, director or representative of Mesabi or any stockholder purporting to act for Mesabi, or in its right or on its behalf.

"It is further ordered that the permanent injunction prayed for by Reserve in paragraph 3 of its prayer for relief be, and the same is hereby denied.

"It is further ordered that Mesabi's motion to dissolve the restraining order of the state court is granted.

"It is further ordered that Mesabi's motion for partial summary judgment is denied.

"It is further ordered that Reserve's motion to strike is denied.

"It is further ordered that Mesabi's motion to amend its answer be held in abeyance."

The order of the court dated April 24, 1959 is in effect explanatory of the order dated March 30, 1959. It also contains certain Findings of Fact, not here pertinent.

The provision for arbitration contained in the mining leases and by reference in the assignment of the Peters Lease provides for the method of appointing a Board of Arbitration and provides that such Arbitration Board shall have authority " * * * to determine every question which may arise under this lease or under said assignment of the Peters Lease or said Cloquet Lumber Company lease."

In perfecting the appeal Mesabi Iron Company served two Notices of Appeal. The first of these reads as follows:

"Notice is hereby given that the above named defendant, Mesabi Iron Company, a Delaware corporation, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the Memorandum Order of the above named Court, made and entered in this action on March 30, 1959, excepting and excluding, however, from this appeal the following ordering paragraphs of said Memorandum Order, on page numbered 20

thereof, to-wit: 'It is further ordered that the permanent injunction prayed for by Reserve in paragraph 3 of its prayer for relief be, and the same is hereby denied.' 'It is further ordered that Mesabi's motion to dissolve the restraining order of the state court is granted.' 'It is further ordered that Reserve's motion to strike is denied.' "

The second Notice of Appeal, so far as here pertinent, reads as follows:

"Notice is hereby given that the above named defendant, Mesabi Iron Company, a Delaware corporation, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the Order and Mandatory Injunction of the above named Court, made, entered and issued in this action on the 24th day of April, 1959, and from the whole of said Order."

The second order, so far as it refers to a preliminary mandatory injunction, simply reaffirms the first order granting such injunction.

 In this condition of the record we must first consider what is here reviewable. There was no final judgment, but it is sought to review the various rulings of the court embodied in the orders appealed from. None of the rulings of the court sought to be reviewed made final disposition of the case and, except where otherwise provided by statute, a cause of action must be treated as a unit, not triable piecemeal, nor appealable in fragments. The authorities are reviewed by us in the recent case of Brandt v. Renfield Importers, 8 Cir., 269 F.2d 14. The right of appeal is purely statutory. Ordinarily, reviews of interlocutory orders or other rulings of the court during the course of a trial are reviewable on appeal from the final judgment and, conversely, may not be reviewed otherwise unless appeal is allowed by statute. Section 1291, Title 28 United States Code provides that the Court of Appeals shall have jurisdiction of appeals from interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions, or re-

fusing to dissolve or modify injunctions. The Notice of Appeal specifically excludes the ruling of the court in denying a permanent injunction and dissolving the restraining order of the state court. There is statutory authority for appeal from an interlocutory order in certain cases involving multiple claims. Rule 54(b), Federal Rules of Civil Procedure, Title 28 United States Code. This procedure, however, requires a certificate by the trial judge. Brandt v. Renfield Importers, 8 Cir., 216 F.2d 206. That procedure has not been followed in the instant case. It is our view that the only ruling of the court reviewable in this case is the order granting a temporary mandatory injunction.

 It is contended by appellant that the provisions for arbitration are unenforceable either at common law or under the laws of Minnesota. That is the ultimate issue to be tried in this case and it has not been tried on its merits. An application for a temporary injunction is addressed to the discretion of the trial court and not to the discretion of the appellate court, and its ruling thereon may not be invoked as res judicata, nor will a decision of the appellate court become the law of the case. Benson Hotel Corporation v. Woods, 8 Cir., 168 F.2d 694; Allen v. Omaha Live Stock Commission Co., 8 Cir., 275 F. 1; Love v. Atchison, T. & S. F. R. Co., 8 Cir., 185 F. 321; American Grain Separator Co. v. Twin City Separator Co., 8 Cir., 202 F. 202; Prendergast v. New York Tel. Co., 262 U.S. 43, 43 S.Ct. 466, 67 L.Ed. 853; Pratt v. Stout, 8 Cir., 85 F.2d 172; City of Council Bluffs v. Omaha & C. B. St. R. Co., 8 Cir., 9 F.2d 246; Minneapolis & St. L. Ry. Co. v. Pacific Gamble Robinson Co., 8 Cir., 181 F.2d 812. The issues involved are grave and it does not appear that a granting of the temporary injunction pendente lite will seriously inconvenience or injure the appellant. We cannot say that the trial court has abused his discretion. Magruder v. Belle Fourche Valley Water Users' Ass'n, 8 Cir., 219 F. 72; City of Council Bluffs v. Omaha & C. B. St. R. Co., supra; Pratt v. Stout, supra; Love v. Atchison, T. & S. F. R. Co., supra. As said by this court in City of Council Bluffs v. Omaha & C. B. St. R. Co., supra [9 F.2d 249]:

"We recognize the established rule that, under an appeal from a decree for a preliminary injunction, the appellate court ought not to determine crucial questions conditioning the merits of the case: (1) Because their adjudication of such questions ought not to be made until after the parties have had an opportunity to present their evidence and their arguments upon the entire proof; (2) because such an adjudication would not estop any of the parties in the subsequent trial of the issues of the case or otherwise; and (3) because such a decision would in many cases be made on a different state of facts and upon different arguments from those presented at the final hearing, and we neither decide nor intimate our opinion upon those questions."

In the instant case the merits of the crucial issues not having been determined by the trial court, we should not pass upon them. In fact, under the well-established rule, to do so would be futile, and we express no opinion on the merits of the issues involved in this case.

The orders granting temporary mandatory injunction are affirmed and the causes remanded to the trial court for further proceedings not inconsistent with this opinion.