Arvel GLINZ and Marjorie Glinz,
Plaintiffs and Respondents,

v.

Norman GLINZ, Twilla Glinz, Arvel Glinz,
and Marjorie Glinz, Plaintiffs
and Respondents,

v.

Fay HEASLEY, a/k/a Fay E. Heasley, Selma
Heasley, Arley Heer, Helen Heer, Bob Hendrix, Pearl Hendrix, and Paul T. Heasley,
Sr., a/k/a Paul Heasley, Defendants and
Appellants.

No. 8296.

Supreme Court of North Dakota.

May 12, 1966.

See also 142 N.W.2d 606.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for plaintiffs and respondents.

Leo J. Beauclair, Valley City, for defendants and appellants.

STRUTZ, Judge.

This appeal involves two actions to quiet title brought by the respondents against the appellants. The appellants claim an interest in the real estate described in the complaints by reason of certain tax deeds issued by Stutsman County for taxes claimed to be due on such property.

The facts disclose that a lien for Federal income taxes due from Fay Heasley, the owner of such land, who is one of the appellants here, was filed by the Federal Government on February 24, 1954. The tax deeds upon which appellants base their claims were issued on tax certificates purchased by them for taxes due for the years 1954, 1955, 1956, and 1957. None of these taxes became due and owing until after the filing and perfection of the Federal lien.

Thereafter, judgment of foreclosure of the Federal tax lien was entered in the District Court of the United States for the District of North Dakota on April 4, 1959. Subsequently, the receiver, who had been appointed in July of 1958, conducted a sale of the property involved in these actions. Order confirming such sale was entered on March 24, 1960, and an amended order confirming sale was entered on April 8, 1960. A receiver's deed to the property was issued to the respondents on March 25, 1960, and was recorded in the office of the register of deeds of Stutsman County on March 29, 1960, in Book 180 of Deeds, pages 77 and 78. The order confirming sale was appealed to the United States Circuit Court of Appeals, Eighth Circuit, and affirmed on October 24, 1960, in United States v. Heasley, 283 F.2d 422.

Thereafter, on February 21, 1964, actions to quiet title to the property involved were commenced by the respondents. Answers and counterclaims were served by the appellants in due time, with reply to such counterclaims being served by the respondents. The pleadings in these actions were drawn in accordance with Chapter 32-17 of the North Dakota Century Code, which sets out the statutory form of pleadings in actions for determination of adverse claims to property.

When the cases were reached for trial, the attorneys for the appellants moved for a dismissal of the respondents' complaints on the ground that there had not been a tender of taxes as required by Section 57-45-10, North Dakota Century Code. The court ordered that the respondents make such deposit of taxes within thirty days, at which time the court would announce its decision in the cases. Thereafter, the respondents moved the court for a reconsideration of its order requiring such deposit. The court, after hearing and considering briefs of the parties in opposition to and in support of the previous order of the court, entered its fur-

ther order affirming its previous decision and directing the respondents to make the deposit required by such previous order.

The respondents refused to make such deposit, and the court thereupon affirmed its order dismissing the respondents' complaints. The court, however, did further find that the respondents were grantees in possession of the property described in the complaints, and ordered the dismissal of the appellants' cross-answers and cross-complaints. The appellants have appealed from judgment entered on such order, demanding a trial de novo in this court. The respondents have not taken an appeal from the judgment dismissing their complaints for failure to make a tender as required by Section 57–45–10, North Dakota Century Code.

 On an appeal to the Supreme Court demanding a trial de novo, we are required to try anew all questions of fact in the case. Sec. 28–27–32, N.D.C.C. Where, however, an action is brought to quiet title to property, which action involves the validity of any deed issued and delivered by the County to the purchaser of lands through tax-deed proceedings, and the holder of such tax deed makes a motion to dismiss the quiet-title action on the ground that no tender was made as required by Section 57–45–10, North Dakota Century Code, and the complaint is ordered dismissed and no appeal is taken from such order, and where, on appeal de novo from the judgment dismissing the counterclaim of defendants, the issue of refusal to tender taxes and the dismissal of the quiet-title complaint is not argued orally or on the brief of either party, such issue must be deemed waived. Frandson v. Casey (N.D.), 73 N.W.2d 436; McGee v. Stokes' Heirs at Law (N.D.), 76 N.W. 2d 145.

On this state of the record, this court on this appeal is concerned with but one question, and that is the priority of the claims of the respondents based on the receiver's deed dated March 25, 1960, and the claims of the appellants based on the tax deed issued on tax certificates for taxes levied after the perfection of the Federal tax lien and prior to the sale of the premises on foreclosure of such lien.

Did the appellants, as holders of the tax certificates for the years 1954, 1955, 1956, and 1957, and of tax deed issued thereon, acquire any interest in the real property described in these proceedings which is superior to the claims and interests of the respondents based on the receiver's deed issued on foreclosure of the Federal lien? We believe not. Our statute specifically provides that taxes levied by the State upon real property are a perpetual lien on such property "against all persons, except the United States and this state." Sec. 57–02–40(1), N.D.C.C.

 The superior lien of the United States was effective from the date of its perfection on February 24, 1954. The 1954, 1955, 1956, and 1957 State taxes, all levied and becoming due after the perfection of such Federal lien, were inferior to it. If, on foreclosure of the superior lien, more money was realized than was due on such lien, the surplus should have been applied on inferior liens, if any, or paid to the owner of the property, but no question is raised on this appeal that the moneys paid by the respondents in purchasing the property on foreclosure of the Federal lien were not properly disbursed, and no such question is before us.

The Federal lien being superior to the lien for taxes due the State, and the respondents having acquired the property pursuant to the foreclosure of the Federal lien and having received a receiver's deed dated March 25, 1960, the interest of the respondents in the property in question is superior to that of the appellants.

The judgment appealed from is affirmed.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.