**Fay HEASLEY and Selma Heasley, Plaintiffs and Appellants,**

**v.**

**Arvel GLINZ and Marjorie Glinz, Defendants and Respondents.**

**No. 8302.**

Supreme Court of North Dakota.

May 19, 1966.

Elmo T. Christianson, Bismarck, for appellants.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for respondents.

ERICKSTAD, Judge.

This is an appeal brought on the judgment roll under § 28–27–07(1), N.D.C.C., from a judgment entered pursuant to the order of the District Court of Stutsman County dated December 9, 1965, which dismissed the plaintiffs' complaint, as well as the defendants' counterclaim. The defendants have not appealed from the dismissal of the counterclaim.

The trial court dismissed the plaintiffs' complaint on the ground that the judgments entered in civil cases Nos. 299 and 300 filed in the District Court of Stutsman County were res judicata of the issues raised in this action.

As the judgments rendered in those actions were appealed, and on appeal were affirmed in the decision rendered by this court on May 12, 1966, Glinz v. Heasley, 142 N.W.2d 603, the trial court's decision in the instant case must be affirmed if those judgments may properly be said to be res judicata of the issues raised in this case.

The land in dispute and the parties are the same in this case as in the previously described cases. In those cases the Glinzes brought an action to quiet title which the Heasleys contested and to which they filed a counterclaim asking that title be quieted in them. The trial court dismissed the complaint of the Glinzes as well as the counterclaim of the Heasleys. On appeal this court affirmed the trial court's judgment, saying:

> The Federal lien being superior to the lien for taxes due the State, and the respondents having acquired the property pursuant to the foreclosure of the Federal lien and having received a receiver's deed dated March 25, 1960, the interest of the respondents [Glinzes] in the property in question is superior to that of the appellants [Heasleys].

Glinz v. Heasley, 142 N.W.2d 603 (N.D. 1966).

In the syllabus of that opinion we said:

> Where a Federal tax lien was filed and perfected on February 24, 1954, and such lien was foreclosed, property sold, and receiver's deed issued March 25, 1960, the interests of the holders of county tax deeds issued for the years 1954 through 1957 for taxes levied and due after perfection of such Federal lien are subject to the interests of the purchasers of the property on foreclosure of the Federal lien.

In the instant case the Heasleys have commenced an action, alleging that they are seized in fee and entitled to the possession of the same property, which title they assert arises out of an auditor's deed which they acquired from Stutsman County through the purchase of tax sale certificates. In their prayer for relief the Heasleys ask that the Glinzes be removed from the premises and that possession of the realty be delivered to them, and that they be awarded $200,000 for lost rents and profits and $200,000 for damages.

The Glinzes generally deny the allegations of the complaint and counterclaim, asking for injunctive relief to protect them from further claims and assertions of this kind by the Heasleys.

In our view this action, although it may not be named an action to quiet title and although it may not use the language prescribed by statute for use in a quiet title action, is an action wherein title to the property must be ascertained before the relief requested may be granted. That being the case, the decision previously rendered by this court is res judicata of the claims asserted in this case.

> The doctrine of res judicata as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. * * *

30A Am.Jur. Judgments § 324 (1958).

It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action in-

volves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief.

30A Am.Jur. Judgments § 371, at 411–415 (1958).

See also: 50 C.J.S. Judgments § 592, at 11 (1947).

The judgment of the trial court is affirmed.

TEIGEN, C. J., and KNUDSON and STRUTZ, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.