442 P.2d 129

The COUNTY OF COCHISE, State of Arizona, a body politic, ex rel. Richard J. RILEY, Cochise County Attorney, Appellant,

v.

BOARD OF SUPERVISORS OF COCHISE COUNTY, Joe G. Good, Bert B. Watkins, and W. R. "Bill" Moore, in their capacities as chairman and members of the Board of Supervisors of Cochise County, J. Mercer Johnson, Daniel E. Moore, Dushan S. Vlahovich and James B. Greenwood, Appellees.

No. 2 CA–CIV 445.

Court of Appeals of Arizona.
June 20, 1968.

Richard J. Riley, Cochise County Atty. by Alan J. Slaughter, Deputy County Atty., for the appellant.

J. Mercer Johnson, Tucson, for appellees Board of Supervisors and J. Mercer Johnson.

W. E. Polley, Bisbee, for appellee Bert B. Watkins.

W. Shelley Richey, Douglas, for appellee Joe G. Good.

Daniel E. Moore, Bisbee, for appellees Daniel E. Moore, Dushan S. Vlahovich, and James E. Greenwood.

STEVENS, Judge.

The matter now before this Court is an appeal from an order quashing an order to show cause thereby denying an application for a pendente lite injunction in Cause No. 24060 in the Superior Court for Cochise County. This cause will hereinafter be referred to as the Cochise County case. The right to appeal from the order is recognized by A.R.S. § 12–2101, subsec. F, par. 2. During the hearing of the evidence on the application for the pendente lite injunction, the trial judge took judicial notice of file No. 24013 in the Superior Court for Cochise County. This cause is hereinafter referred to as the Beckman case. The Beckman case file is before the Court of Appeals in connection with the consideration of the appeal in the Cochise County case. The Beckman case file contains matters which occurred after the conclusion of the presentation of the evidence now under consideration and those matters have not been considered by the Court of Appeals.

Neither the Beckman case nor the Cochise County case has been resolved on their respective merits. In view of the limited issues which are presented in the consideration of the appeal from the order denying the pendente lite injunction, this Court expressly refrains from finding and from appearing to find any of the ultimate facts in relation to either of the pending lawsuits herein referred to. Those recitations in this opinion which may appear to be factual recitations are not in any way to be construed as binding on the trial court and the recitations are made expressly without prejudice to any and all issues which may be presented in the trial of either case in the Superior Court. While the Court of Appeals has considered all of the several matters which are raised in the briefs, we do not deem it essential to this opinion to make a complete recitation thereof.

There is little guidance in Arizona as to the legal principles which are to be applied by the trial court in ruling upon an

application for a pendente lite injunction. In the case of Renck v. Superior Court of Maricopa County, 66 Ariz. 320, 187 P.2d 656 (1947), an action was filed in the Superior Court to test the sufficiency of the signatures on an initiative petition. Prior to the trial of the cause on its merits, the initiative petition was placed on the ballot and approved by the voters. The issue presented to the Supreme Court was whether or not the election had caused the matter to become moot in relation to the sufficiency of the signatures. The Supreme Court discussed the question of the issuance of a pendente lite injunction which would have prohibited the placing of the initiative petition on the ballot pending the trial of the cause on its merits. The court held that before such drastic action could be taken, thus depriving the voters of their privilege of voting, it would be necessary "to make (a) highly persuasive preliminary showing of the facts relied upon", and the Supreme Court admonished that "(s)uch power of the trial court should, however, be used with great restraint and caution, and only when the preliminary showing of insufficiency is clear and convincing." It would appear that by reason of the great public interest and the rights of the voting public the quantum of proof in the situation presented in RENCK might well be greater than the quantum of proof necessary in the normal course of litigation.

In Remele v. Hamilton, 78 Ariz. 45, 275 P.2d 403 (1954), the Arizona Supreme Court affirmed the granting of an injunction to maintain the status quo. Quoting from C.J.S., the court indicated that such an injunction must be one "whose object it is to prevent anticipated mischiefs which could not after their occurrence be adequately redressed".

In Farnsworth v. Hubbard, 78 Ariz. 160, 277 P.2d 252 (1954), the Arizona Supreme Court approved the granting of a pendente lite injunction stating, (78 Ariz. 170) "We find no abuse of discretion in maintaining the status quo of the parties during this litigation. * * * Otherwise the final judgment could be rendered meaningless by the parties".

The Rules of Civil Procedure, 16 A.R.S., give guidance in relation to the showing necessary for a temporary restraining order without notice. Rule 65(d), amended in 1966, provides, in part:

"A temporary restraining order may be granted without * * * notice * * * only if * * * it clearly appears * * * that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party * * * can be heard in opposition * * * ."

These requirements are quite similar to the statutory rule found in Sec. 4283 of the 1928 Revised Code of Arizona. It may well be that the showing necessary for a temporary restraining order without notice is somewhat greater than the showing necessary in connection with a granting of a pendente lite injunction after the hearing of the evidence.

In Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Volume 3, Sec. 1431, Page 483 it is stated:

"Though the distinctions between law and equity are abolished, applications for an injunction are still to be considered in accordance with the traditionally flexible practice developed by the Courts of Chancery by which injunctive relief was granted or withheld in the exercise of a sound judicial discretion."

This authority further recites:

Volume 3, Pages 490 to 492: "In exercising its discretion, the court balances the convenience of the parties and the possible injuries to them which may result from granting or withholding injunctive relief. Thus if the harm to the defendant which would result from grant of a preliminary injunction ultimately vacated would exceed the benefit to the plaintiff even if plaintiff is ultimately successful, the preliminary injunction should be denied * * *.

"A preliminary injunction should be granted only in cases clearly demanding

it, and the burden is upon the appellant to show a clear right to this relief."

In Holzer v. The United States, 8 Cir., 244 F.2d 562, it was said that since the granting or denial of a temporary injunction rests in the sound discretion of the trial court, its order may not be reversed by an appellate court without clear proof of an abuse of discretion, even though the appellate court would, or thinks it might, have made a different order.

It was said in Mesabi Iron Company v. Reserve Mining Company, 270 F.2d 567, that an application for a temporary injunction is addressed to the discretion of the trial court and not to the discretion of the reviewing court.

These Federal cases seem to indicate that an appellate court would be reluctant to hold that there was an abuse of discretion in granting or denying an injunction by a lower court unless there has been a clear showing of an abuse of discretion. Therefore, it appears that an appellate court is more likely to find an abuse of discretion where a pendente lite injunction is granted than where it is denied.

With these principles in mind, we generally review the situation presented to this Court in connection with the appeal.

### THE BECKMAN CASE

The Beckman case was filed on 6 March 1967. The plaintiffs are: Robert M. Beckman, Daniel E. Moore, Dushan S. Vlahovich, and James B. Greenwood. Beckman is an attorney duly licensed to practice and practicing in the District of Columbia and licensed to practice before the Civil Aeronautics Board. Daniel E. Moore (hereinafter referred to as Attorney Moore) and the remaining plaintiffs, are law partners admitted to the practice of law in the State of Arizona and residents of Cochise County. They are also licensed to practice before the Civil Aeronautics Board.

The defendants in the Beckman case are: County of Cochise, a body politic, Board of Supervisors of Cochise County, Joe Good, Bert Watkins, and W. R. (Bill)

Moore, in their capacities as Chairman and members of the Board of Supervisors of Cochise County. Of these defendants, the defendant Moore will be hereinafter referred to as Supervisor Moore.

At the time of the filing of the action, Richard J. Riley was the duly elected and qualified acting attorney for Cochise County and Alan J. Slaughter was his duly appointed and acting deputy.

The Beckman case sought the recovery of the reasonable value of the plaintiffs' services on behalf of Cochise County in a proceeding before the Civil Aeronautics Board. A formal sworn claim had been presented to the Board of Supervisors and had been rejected. The action was filed within the statutory period following rejection.

On 14 March 1967, the County Attorney purporting to appear for himself and the Board of Supervisors, filed an answer and a counterclaim. By these pleadings the right of recovery was placed in issue and recovery was sought for and on behalf of Cochise County of the monies heretofore paid by Cochise County to the plaintiffs in connection with the Civil Aeronautics Board matter. The counterclaim also sought judgment over against Good in the event that the plaintifs prevailed.

On 17 March 1967, two resolutions were adopted by the Board of Supervisors of Cochise County, Supervisors Watkins and Good voting in the affirmative and Supervisor Moore voting in the negative. One resolution confirmed the informal employment of attorney Moore's firm in the Civil Aeronautics Board matter. The other resolution recited that Riley had no authority to appear on behalf of the Board of Supervisors in the Beckman suit, and employed J. Mercer Johnson " * * * to represent the County of Cochise and the Board of Supervisors of Cochise County * * * " in the Beckman action. At 8:30 in the morning of 23 March 1967, Johnson appeared in the Beckman action on behalf of Cochise County and the Board of Supervisors. Thereafter Good appear-

ed by his personal attorney W. Shelley Richey. Thereafter Supervisor Moore filed an affidavit indicating that he did not have any official responsibility in connection with the employment of counsel in the Civil Aeronautics Board matter or the employment of Johnson.

## THE COCHISE COUNTY CASE

At 11:15 a. m. on 23 March 1967, Cause No. 24060 was filed wherein the named plaintiff is: The County of Cochise, State of Arizona, a body politic, ex rel Richard J. Riley, Cochise County Attorney, and wherein the named defendants are: Board of Supervisors of Cochise County, Joe G. Good, Bert B. Watkins, and W. R. "Bill" Moore, in their capacities as Chairman and Members of the Board of Supervisors of Cochise County, J. Mercer Johnson, Daniel E. Moore, Dushan S. Vlahovich and James B. Greenwood. In the Cochise County case all aspects of the employment of Attorneys Moore and Beckman, together with the matter of their service, were attempted to be placed in issue and an order to show cause was entered seeking to secure a pendente lite injunction to prevent the approval of the claim which is the basis of the Beckman action. Among other matters urged in the Cochise County case, it is urged that the employment of counsel in the Civil Aeronautics Board matter was an illegal contract, that it was an unconscionable contract and that there was a pecuniary interest on behalf of certain members of the Board of Supervisors which vitiated the contract. At the time of the hearing of the evidence in support of the application for the pendente lite injunction, Richey appeared for Good; Polley appeared for Watkins; Attorney Moore appeared for himself and for his partners; and Johnson appeared for himself and the Board of Supervisors. After

the conclusion of the presentation of the evidence in support of the issuance of the pendente lite injunction, the defendants moved to quash the order to show cause which order was granted and this appeal followed.

The merits of the appeal were orally argued before the court and at the time of the argument, the County Attorney conceded the presence of authority in the Board of Supervisors to employ independent counsel. In this connection, see Pima County v. Grossetta, 54 Ariz. 530, 97 P.2d 538 (1939). The case law in Arizona establishes the authority of the Board of Supervisors to control litigation. Thiel D. S. Co. v. Yavapai County, 21 Ariz. 169, 185 P. 933 (1919). In the case of County of Greenlee v. Webster, 30 Ariz. 245, 246 P. 543 (1926), it was established that under some circumstances a County can be held financially responsible for the reasonable value of goods and services even in the absence of compliance with bid statutes and in the absence of formal written agreements.

We have carefully reviewed the evidence presented in support of the order to show cause. We find no abuse of discretion on the part of the trial judge. We find an absence of circumstances and degree of proof which would cause this Court to hold that the trial court abused its discretion in denying the requested injunctive relief.

The order quashing the order to show cause and denying injunctive relief is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.

This appeal was decided by the Judges of Division One of the Court of Appeals pursuant to A.R.S. § 12–120, subsec. E.