Joseph DEVINE, Allen Devine, and Wayne Devine, Plaintiffs and Appellants,

v.

Hazel A. FITZPATRICK, Lawrence J. Nagel, Mary Louise Nagel, and Thomas Ronan, Defendants and Appellees.

Civ. No. 9369.

Supreme Court of North Dakota.

Oct. 3, 1977.

Mack, Moosbrugger, Leonard & Ohlsen, Grand Forks, for plaintiffs and appellants; argued by Shirley A. Dvorak, Grand Forks.

Letnes, Marshall & Hunter, Grand Forks, for appellees Hazel A. Fitzpatrick, Lawrence J. Nagel, and Mary Louise Nagel; argued by Daniel S. Letnes, Grand Forks.

H. H. Galloway, Grand Forks, for appellee Thomas Ronan.

ERICKSTAD, Chief Justice.

Joseph Devine, Allen Devine and Wayne Devine, plaintiffs and appellants, hereafter referred to as the Devines, appeal from an order of the district court of Grand Forks County, dissolving a temporary restraining order which had restrained Hazel A. Fitzpatrick, Lawrence J. Nagel, and Mary Louise Nagel, defendants and appellees, hereafter referred to as the Nagels, from entering into and furthering any leases or contracts concerning certain described land, and had restrained Thomas Ronan, defendant and appellee, from farming that land.

This case essentially involves a dispute over an oral lease to farm land owned by the Nagels. The Devines had farmed this land as tenants off and on for the last 35 years. The last few years they had farmed this land under oral leases and specifically had done so in 1976. The dispute in this case involves the question of whether or not the Devines were entitled to farm this land during the 1977 crop year. The Devines contend that they had the right to farm this land for the 1977 crop year under an express or implied extension of the 1976 oral lease. The Nagels on the other hand, contend that there was no such extension of the oral lease and that they therefore had the right to lease the land in question to Thomas Ronan.

The Devines commenced a lawsuit against the Nagels and Thomas Ronan and, in an ex parte proceeding on April 22, 1977, the district court issued a temporary restraining order against the Nagels and Ronan. This order enjoined the Nagels and Ronan from farming the land in question or from entering or furthering any leases or contracts involving that land. The district court in that order, also ordered the defendants to show cause on April 26, 1977, why the Devines should not be allowed to farm the land in question for the 1977 crop year. At that show cause hearing, no testimony

was taken but affidavits were submitted and oral arguments were made by counsel. On April 29, 1977, the district court signed an order dissolving the temporary restraining order. The relevant part of that order preceding the dispositive language of the order which dissolved the temporary restraining order, reads:

"And the plaintiffs having submitted the pleadings and argument of counsel, and the defendants having filed returns to said Order to Show Cause and having presented arguments in favor of the dissolution of the hereinbefore described Temporary Restraining Order, and *the Court* being fully advised in the premises, and *having found as a matter of law,* based upon the pleadings and the affidavit of one of the plaintiffs *that the 1976 farm contract on the land in question had not been renewed or extended for the year of 1977* and that therefore the owners had the right to enter into a new lease with defendant, Thomas Ronan, or any other prospective tenant, for the year of 1977;" [Emphasis added.]

It is from that order dissolving the temporary restraining order that the Devines appeal to this court. They concede that the trial court is clothed with great discretionary authority in deciding injunctive relief, and thus the purpose of their appeal is not to overturn this order but it is to have us determine that this order should not be res judicata as to the issue of the extension or renewal of the lease in the upcoming trial on the merits of their complaint.

The Nagels on the other hand, contend that this order was in effect, a judgment on the pleadings, and ask this court to review the merits of the case. They assert that in the upcoming trial in the district court, that they will argue that the order of the district court dissolving the temporary restraining order, and more specifically holding that the lease was not renewed or extended, should be considered res judicata on that issue.

■ The first question this court must determine is whether or not this order by the district court dissolving the temporary restraining order is appealable. We, in the past, have applied Section 28–27–02, subdivisions 3 and 7 of the North Dakota Century Code, in determining whether an order dissolving a temporary restraining order is appealable.

In syllabus 1 of *Wahpeton Public Sch. Dist. v. North Dakota Ed. Ass'n,* 166 N.W.2d 389 (N.D.1969), we said:

"An order continuing, modifying, or quashing an ex parte restraining order after a hearing on notice is an appealable order." 166 N.W.2d at 390.

We took the same position in an earlier case, *State v. Lynch,* 138 N.W.2d 785 (N.D. 1965), where we stated in syllabus 3:

"An ex parte restraining order is not appealable, but an order made after a hearing is had upon notice which vacates or refuses to set aside an ex parte restraining order is appealable." 138 N.W.2d at 786.

We find, therefore, that the order appealed from in this case is appealable under Section 28–27–02, subdivisions 3 and 7 of the North Dakota Century Code.

■ The next question we must decide is whether or not the merits of this case, including the issue of whether or not the lease was extended or renewed for 1977, have been finally determined. We conclude that that issue has not been determined, notwithstanding the peculiar language of the order. We base this conclusion on the statement of the trial court made at the close of the hearing.

". . . the *Court would have to conclude that the temporary restraining order issued last Friday afternoon should be dissolved and that the matter will be heard at the next term of the Court and on its merit.* And that *the rights of the lessee Devine* as to payment for prior work done last fall for this year's crop *together with any defenses that the landowner may have* as to those claims *could be adjudicated along with the merits of the case.* I would ask then that Mr. Letnes draw an order dissolving the restraining order as requested." [Emphasis added.]

It is our view that the trial court therein made only a tentative decision upon the pleadings relating to the temporary restraining order and return thereto, and that it contemplated making a more definitive finding after all the evidence had been submitted.

It is especially significant that no motion was made for a judgment on the pleadings based on Rule 12(c), N.D.R.Civ.P., and that no motion was made for summary judgment based on Rule 56, N.D.R.Civ.P. As such motions were not made, this order dissolving the temporary restraining order cannot be construed as either a judgment on the pleadings or as a summary judgment.

Because this order dissolving the temporary restraining order is not a final determination of the merits of this case, it cannot be considered res judicata on the issue of the renewal or extension of the lease at the upcoming trial. We discussed the principle of res judicata in *Heasley v. Glinz,* 142 N.W.2d 606 (N.D.1966). In that case, we stated:

> "The doctrine of res judicata as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. * * * 30A Am.Jur. Judgments § 324 (1958)." 142 N.W.2d at 607.

Having concluded that the district court's finding as to the renewal or extension of the lease was only tentative for purposes of determining whether the temporary restraining order should be dissolved, we determine that no final judgment was rendered on the merits in this case by the district court. It follows that the doctrine of res judicata cannot apply to the merits of this case but can apply only to the dissolution of the temporary restraining order in this case.

The position that the denial of a temporary restraining order does not deprive the plaintiffs of their right to a trial on the merits is supported by case law in other jurisdictions. In *Mesabi Iron Company v. Reserve Mining Company,* 270 F.2d 567 (8th Cir., 1959), the court of appeals stated:

> "It is contended by appellant that the provisions for arbitration are unenforceable either at common law or under the laws of Minnesota. That is the ultimate issue to be tried in this case and it has not been tried on its merits. An application for a temporary injunction is addressed to the discretion of the trial court and not to the discretion of the appellate court, and its ruling thereon may not be invoked as res judicata, nor will a decision of the appellate court become the law of the case. [Citations omitted.]" 270 F.2d at 570.

*See also, Iowa City v. Muscatine Development Company,* 258 Iowa 1024, 141 N.W.2d 585, 591 (1966); *Thompson v. Barnes,* 294 Minn. 528, 200 N.W.2d 921, 927 (1972).

We affirm the order of the trial court, subject to the interpretation we have placed upon it. We therefore remand this case to the district court for trial on its merits, including the determination of whether or not the lease was renewed or extended for the 1977 crop year.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.