ANNE LEE WYLIE *v.* MOUNTAIN MOTORS, *Inc., et al.*

(No. 9487)

Submitted September 21, 1943. Decided November 2, 1943.

*Ashworth & Sanders, Harley M. Kilgore* and *Wm. M. Holroyd, for appellant.*

*Scherer, Bowers & File,* for appellees.

KENNA, JUDGE:

This chancery proceeding was instituted in the Circuit Court of Raleigh County by Anne Lee Wylie against Mountain Motors, Inc., and The Fidelity & Casualty Company of New York, called insurer hereafter, for the purpose of recovering the amount of a judgment for twenty thousand dollars which the complainant had theretofore procured against one James Powell by virtue of the terms of a policy of general liability insurance written by the insurer and naming Mountain Motors, Inc., and others, as the named insured. The judge of the Circuit Court of Raleigh County considered himself disqualified and transferred the cause to the Circuit Court of Greenbrier County where, upon final hearing, plaintiff's bill of complaint was dismissed, this review being later granted.

The facts disclosed by the record show that on March 1, 1937, the insurer executed and delivered to Mountain Motors, Inc. a "National Standard Garage Liability" policy for twenty-five thousand dollars for each person and fifty thousand dollars for each accident. The terms of this contract which we are here concerned with will

later be dealt with in more detail. Two companies were named as insured: Mountain Motors, Inc. and Home Motors, Inc.

Their corporate organizations were composed of practically the same stockholders and the same individuals were their corporate officers, although in different capacities. Their boards of directors interlocked. The places of business, however, were on different streets in the City of Beckley and each held the sales agency for a different make of automobile. Competition between the two concerns was active, their establishments were under different management and there was no overlapping of personnel in their business activities.

On Saturday, June 26, 1937, A. K. Canterbury, the President of Mountain Motors, Inc. loaned to Stanley Howard a secondhand passenger car belonging to Mountain Motors for his personal use until Monday morning. Howard was a negro employee of Mountain Motors, Inc., whose duties were to wash cars, run errands, and act as general roustabout. The automobile that Canterbury loaned him bore dealer's license plates.

On the following morning Howard, driving the borrowed car in Beckley, evidently on the outskirts of town, had with him another negro boy, Powell, employed by Home Motors, Inc. for the same purposes that Mountain Motors, Inc. employed Howard. Howard wished to stop and see some friends, and in doing so turned the automobile over to Powell, Howard says for the definite purpose of returning to Beckley and getting something to eat, Powell's version being that the automobile was delivered to him for general purposes. It is not shown whether there was any length of time specified. In any event, Powell did not remain in Beckley but started toward Mullens on Route 12 and when he had gone but a few miles, recklessly collided with a car being driven by Doctor Wylie, seriously injuring Mrs. Wylie, who was a passenger in the Wylie automobile. Powell was promptly arrested

and convicted of hit-and-run driving and of the operation of an automobile without an operator's license.

Mrs. Wylie brought an action of trespass on the case against Mountain Motors, Inc., Stanley Howard and James Powell. When this action was called for trial it was dismissed without prejudice as to Mountain Motors, Inc. and Stanley Howard. It was submitted as against James Powell with the result that a verdict for twenty thousand dollars in favor of the plaintiff was the basis of the judgment in a like amount that this proceeding is predicated upon. Apparently James Powell was not present when the case against him was tried but was represented by an attorney. Mountain Motors, Inc. and Stanley Howard having been dismissed without prejudice in the first action, Mrs. Wylie has instituted a second action against them which is now pending.

The principal contention of the plaintiff in error, plaintiff below, is that Mountain Motors, Inc. carried indemnity, as distinguished from liability, insurance upon the automobile that Powell was using, and that the situation of defendant Motor company by reason of the close corporate affiliation with Home Motors, Inc., coupled with the fact that the same policy named them each as insured, presents a proper case for ignoring its corporate entity, so that the fact that Powell was employed by Home Motors will entitle him to indemnity to the same extent and in exactly the same way as an employee of Mountain Motors would be when acting with its authorization and using its property.

The first point in the contention advanced by the plaintiff in error is quite easily disposed of. The policy sued on is not an automobile insurance policy nor does it list vehicles of any kind or class. Therefore we do not believe that its provisions can be likened to or construed as having the effect of a policy of public liability insurance including an "omnibus clause", so-called. If the construction contended for by the plaintiff in error were adopted, it would mean that a policy which describes no

particular property and therefore would have to be held to apply to all of the property of the named insured, is to be given the same effect as that of a policy which does specifically describe certain vehicles and agrees, in effect, to be responsible for injury done by their use either by the named insured or by persons expressly or impliedly authorized by him to use them. We think it is perfectly plain that is not the meaning nor the effect of the policy before us.

As to the next point, we see no reason for applying the instrumentality rule to the two corporations named as insured in the policy before us, nor do we believe that the purpose of this proceeding is such as to permit its application, even had the corporate entity of either been directly attacked, which it has not. To the contrary, the allegations of the bill of complaint impel the opposite conclusion. This proceeding is to recover upon a judgment at law, not rendered against one or the other of the two insured corporations so that the instrumentality rule could be brought into play, but rendered against one James Powell who was in no way affiliated with the corporate organization of either, the only question being not one that is affected by their corporate existence, but whether he can be regarded as the authorized agent of one while employed by the other.

We do not believe from any proof in this record that result would follow. It is not shown that any executive of Mountain Motors either expressly or by implication, directly or indirectly, authorized or permitted Powell to drive the automobile that was loaned to Stanley Howard. If Howard had been driving the car when the accident occurred there would have been a serious question of liability under the policy on the theory that pleasure driving as referred to in "Definition of Operations" means authorized pleasure driving of all employees of both companies. But we cannot see how even that reason can be extended to include James Powell in the same category with an actual employee of Mountain Motors. The

employees of the two corporations cannot be intermingled without doing violence to the plain purpose of the policy to treat them as separate insured.

Plaintiff in error also contends that the family purpose doctrine can be invoked to establish the fact that Powell, at the time of the collision, was operating the automobile as the agent of Mountain Motors, Inc. Disregarding the fact that we are here dealing with a corporation whose liability is governed by an entirely different rule (respondeat superior), as we understand that doctrine it is applicable only in an action at law, brought for the purpose of recovering for either personal injury or property damage caused by the negligent use of an automobile, and is only applied in an endeavor to fix the liability for either kind of damage. The determination of liability for the operation of the car is not the purpose of this proceeding. That is supposedly already established by the judgment at law or will be in the pending action. We are now seeking only to determine the question of whether the liability of the judgment debtor is covered by the policy involved. We therefore do not think that the application of the family purpose doctrine has a material relation to the legal question involved in this proceeding.

We believe that this case turns upon the question of whether Powell was included within the definition of the named insured as defined in the policy. That definition reads as follows:

> "The unqualified word 'insured' includes not only the named insured but also any partner thereof if the named insured is a partnership, and the president, vice president, secretary and treasurer of the corporation if the named insured is a corporation, with respect to the operation, for business or pleasure, of any automobile owned by or in charge of the named insured, except an automobile owned by such partner or officer or by a member of his family; but this provision shall apply only with respect to any such partner or officer who earns remunera-

tion which is included in the total remuneration upon which premium for this policy is based, as hereinafter provided."

To this definition of the insured is to be added the names of Mrs. A. K. Canterbury and Mrs. Odessa Lewis, included by riders attached to the policy for additional named premiums.

We are urged by counsel for appellant in determining that the coverage includes Powell's loss to apply the established rule of construction to the effect that doubtful meanings contained in an insurance policy are to be construed in favor of the INSURED and against the insurer. The rule operates only after the identity of the insured has been determined: not in deciding whether a certain individual belongs to the insured class described in the policy. If the insured is not before the court, together with the insurer, so that their conflicting interests are involved, the reason for the rule does not arise.

We think it is unnecessary to discuss the apparent fact that the judgment debtor, Powell, an employee of Home Motors, Inc., operating for pleasure an automobile owned by Mountain Motors, Inc., under the most liberal construction of the policy involved as between the insurer and the insured, cannot be said to fall within the definition as one of the persons Mountain Motors, Inc. was purchasing liability insurance for in order to protect itself from loss.

Reverting to what we believe is the controlling element in this proceeding we wish to state again that we do not believe that legal principles controlling cases for the recovery of damages for personal injuries can be applied here. Supposedly their application has preceded the recovery here sought. This proceeding is not for the purpose of establishing liability. It is brought solely in order to collect the amount of an already established legal liability. If the law concerning the presumption that is supposed to attach when the ownership of an automobile is established were applied here in a conclusive sense

it might be that a liability of Mountain Motors, Inc. followed. Of course in an action at law the presumption is rebuttable and in most cases affects only the so-called burden of proof. However, that and other presumptions which the appellant seeks to invoke apply only to the recovery of a judgment: not to its collection. The question of Mountain Motors liability for the injury has not been adjudicated and it is not before the court in this proceeding. We are concerned only with whether Powell belonged to the class covered by the policy. It is a liability policy that attaches to persons: not vehicles, save incidentally.

The bill of complaint alleges that plaintiff was "maimed, and permanently disfigured by reason of the negligent, improper and unlawful conduct of the defendants, Mountain Motors, Inc., a Corporation, in the operation of its said business, through and by the negligent, careless, improper and unlawful conduct on the part of the officers, agents and servants of said Mountain Motors, Inc., * * *". This allegation and several similar averments are categorically denied in the Motor company's answer. The issue thus raised could not have been involved in the action of trespass on the case brought by complainant against James Powell and hence was not settled by the judgment against that defendant. We are now asked to decide it in this chancery proceeding. It seems quite plain that to do so would be to decide what would be the principal question in controversy in an action to recover damages against Mountain Motors, Inc. That we think cannot be done in a chancery proceeding because the effect' would be to rob Mountain Motors of its day in court and its right to have the question of its liability arising in an action for a personal injury submitted to a trial jury.

For the foregoing reasons the judgment of the Circuit Court of Greenbrier County is affirmed.

*Affirmed.*