446 P.2d 939

Wilbert E. DOLPH, Jr., Appellant,

v.

Elsie CORTEZ, Appellee.

No. 2 CA–CIV 329.

Court of Appeals of Arizona.

Nov. 13, 1968.

———◆———

Chandler, Tullar, Udall & Richmond, by Thomas Chandler, Tucson, for appellant.

William C. Haus, Apache Junction, for appellee.

KRUCKER, Judge.

Appellee Elsie C. Cortez was the plaintiff in an action for declaratory judgment arising out of a contractual dispute between her and the defendant. The contract was for legal services, and the defendant's fee was to be one/third of the proceeds, if any, resulting from such representation on a contingency basis.

At the trial, which was to the court, it was stipulated by the parties that the one/third amount was a reasonable fee, and the trial court found that the parties had entered into a valid contract and that the plaintiff, without legal cause or justification, discharged defendant as her attorney. On May 20, 1966 judgment was entered in favor of the defendant and entitling him to twenty percent of any proceeds which the plaintiff may receive in connection with the legal matters for which defendant was originally hired to represent the plaintiff.

Defendant has appealed from this judgment on the claim that he is entitled to a full one/third of the proceeds, and that the trial court erred in awarding him only twenty percent.

Defendant's opening brief was filed in this court on December 19, 1966 and to this date, plaintiff-appellee has failed to file

**430**

her answering brief. Plaintiff has not requested additional time within which to file her brief, nor has a stipulation to this effect been presented to the court.

Appellee shall file its brief within 30 days after service of appellant's brief, Rule 5(f), subd. 2, Rules of the Supreme Court, 17 A.R.S., and:

> "If the appellee does not file an answering brief within the time prescribed by these Rules or within such additional time as allowed by the court, whether pursuant to stipulation of counsel or otherwise, the appeal may be submitted for decision on the motion of appellant upon notice to appellee, or on the court's own motion." Rule 7(a), subd. 2, Rules of Supreme Court, 17 A.R.S.

This matter has been submitted on motion of the court.

■ Debatable issues are presented in this appeal, and where this is true the reviewing court will assume that the failure to file an answering brief constitutes a confession of error on the part of the appellee. Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963); Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965).

■ The relief sought in this appeal is not of the type for which further proceedings in the trial court will be necessary, and in such a case it is within the power of this court to modify the judgment. Smith v. Tang, 100 Ariz. 196, 412 P.2d 697 (1966); Cagle v. Carr, 101 Ariz. 225, 418 P.2d 381 (1966).

■ Paragraph III of the judgment is hereby modified to read as follows: Defendant is entitled to one/third of any sums of money and any property plaintiff receives from the estate of Harnam Singh when plaintiff receives any such sum or

property, and defendant has a lien for one/third of any monies and any property plaintiff receives from the estate of Harnam Singh.

■ As modified, the judgment is affirmed.[1]

MOLLOY, J., and HOWARD, Superior Court Judge, concur.
NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.

1. This court has amended the caption in this case by striking therefrom the "party" denominated "BOYLE, BILBY, THOMPSON and SHOENHAIR, a partnership". A.R.S. § 29–205, 10 A.R.S., provides that, in situations not covered by the Uniform Partnership Act, the common law shall apply. The Act nowhere

establishes a partnership as a legal entity such as is capable of suing or being sued in its own right. Citations are unnecessary for the proposition that, at common law a partnership can neither sue nor be sued in its firm name. See, 40 Am.Jur. Partnership § 430, et seq.; 68 C.J.S. Partnership § 200 et seq.