447 P.2d 578

**H. J. PORTER and Ruth M. Porter, his wife, Appellants,**

**v.**

**Edwin R. PFAHL, aka Ed Pfahl, Appellee.**

**No. I CA–CIV 753.**

Court of Appeals of Arizona.

Nov. 27, 1968.

Charles Christakis, Phoenix, for appellants.

Edwin R. Pfahl, in pro per.

STEVENS, Judge.

This is an appeal by H. J. Porter and his wife, Ruth M. Porter (Defendants) from a judgment of the Superior Court entered in favor of appellee (Plaintiff) and against each of the defendants in the amount of $26,000 plus interest. Defendant H. J. Porter will hereinafter be referred to as Porter and defendant Ruth M. Porter will be referred to as Mrs. Porter. In addition to the foregoing joint-judgment, a judgment

was rendered against Porter for attorney's fees.

Porter was the president of Duplicate Forms Company, a corporation engaged in business in Ohio. Mrs. Porter was the sole stockholder of the corporation. On 19 May, 1959 a promissory note in the amount of $31,000 was executed and delivered to plaintiff. The note was signed, "The Duplicate Forms Company per H. J. Porter, Pres., H. J. Porter, H. F. Wellert." Mr. Wellert was an employee of the Duplicate Forms Company and had originally solicited a loan from plaintiff on behalf of Duplicate Forms Company, for which the note was given. The note matured and on 17 August, 1959 a renewal note was executed to plaintiff. This note was also in the amount of $31,000, and was signed "The Duplicate Forms Company per H. J. Porter, Pres., H. J. Porter." $5,000 was paid on the August note leaving a balance due of $26,000. When the August note matured another renewal note in the amount of $26,000, dated 24 November, 1959, was executed and delivered to plaintiff. This note was also signed, "The Duplicate Forms Company per H. J. Porter, Pres., H. J. Porter." When the November note matured, plaintiff demanded payment from Porter but nothing was paid. It is this note which was the subject matter of the action in the trial court and of this appeal.

In the trial court plaintiff urged that Porter was personally liable on the promissory note by reason of his signing the note as a maker in his individual capacity. Porter contended that he had signed the note as an accommodation maker subsequent to the execution and delivery of the note to plaintiff, and that he was not liable as an original maker on the note. Plaintiff's theory of recovery against Mrs. Porter, as disclosed from the original complaint and three later amended complaints, was that Mrs. Porter, as sole stockholder of the Duplicate Forms Company, was unjustly enriched as a result of the loan made by plaintiff to the company.

After the entry of judgment, the defendants filed a timely appeal and their abstract of record. The attorneys for plaintiff were allowed to withdraw. The defendants filed their opening brief asserting that the trial court erred in several respects when it entered judgment in favor of plaintiff. Plaintiff has failed to file an answering brief as provided by Rule 5(f)2, Rules of the Supreme Court, 17 A.R.S. The Court took the matter under advisement without oral argument.

It has been generally stated that the failure to file an answering brief may constitute a confession of reversible error unless no debatable issues are presented on the appeal. Tiller v. Tiller, 98 Ariz. 156, 402 P. 2d 573 (1965); Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966); Castillo v. Harbour, 8 Ariz.App. 233, 445 P.2d 181, decided on 19 September, 1968; Dolph v. Cortez, 8 Ariz.App. 429, 446 P.2d 939, decided 13 November, 1968.

Our task is one of examining the record to determine whether debatable issues are presented in relation to (1) the liability of Porter on the note, and (2) the liability of Mrs. Porter as sole stockholder of The Duplicate Forms Company.

We have carefully examined the record and it is our opinion that although there was conflicting testimony with reference to whether Porter signed the note as a maker, or as an accommodation party after the note was executed, there was ample evidence to support the Court's judgment that Porter was liable as a maker of the note. We affirm the judgment of the trial court entered against Porter.

We do find from our review of the record that debatable issues are raised in relation to the Court's finding of liability on the part of Mrs. Porter. We reverse the judgment entered against Mrs. Porter with directions to enter judgment in her favor.

CAMERON, C. J., and DONOFRIO, J., concur.