Donald R. Kunz (argued), of Kunz & Stinson, Phoenix, Ariz., for plaintiffs-appellees.

Before MERRILL and CHOY, Circuit Judges and TANNER *, District Judge.

William F. BRYAN, as Executor of the Estate of G. T. "Tommy" Townsend, and General Insurance Company of America, Plaintiffs-Appellees,

v.

CONTINENTAL CASUALTY COMPANY, Defendant-Appellant.

No. 76–2823.

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1978.

PER CURIAM:

The question presented on appeal is whether the District Court erred in granting summary judgment in favor of plaintiffs-appellees, and in holding that the insurance policy issued by appellant, Continental Casualty Company was unambiguous, and extended on its face individual liability coverage to G. T. "Tommy" Townsend. For reasons hereafter discussed, this court affirms the trial court.

The crux of this case is the interpretation of the declaration/face sheet of the insurance policy in question. That sheet reads:

* Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

Named, Insured & Address: (number & street, town, county, and state).

K. L. Engebretson & T. Townsend
DBA: Engebretson-Grupe Co.
P. O. Box 818
Mesa, Arizona 85201

Named Insured is:

(X) Individual      ( ) Corporation    (X) Partnership
( ) Joint Venture   ( ) Other: _____

Appellant predicates its appeal on the depositions of Mr. John Wenig, who prepared the policy in question and Mrs. Nelda Pickering, an employee of the partnership and Mr. Townsend.

Briefly, Mr. Wenig testified that it was his intent to insure only two persons and entities viz., Engebretson-Grupe Co., as a partnership and K. L. Engebretson as an individual. He further testified that he checked both the "individual" and "partnership" boxes to distinguish between two separate operations (one which was individually owned by K. L. Engebretson and the other which was partnership owned by both Mr. Engebretson and Mr. Townsend). We find that this contention is not supported on the face of the instrument.

Appellant's argument is based upon Dolph v. Cortez, 8 Ariz.App. 429, 446 P.2d 939 (1968), which held that a partnership cannot be sued in its own right because it is not a legal entity. Dolph does not support appellant's contention that in order to insure Mr. Engebretson and Mr. Townsend as partners of the Engebretson-Grupe Co., it was necessary to check the "individual" box.

Furthermore, appellant's argument raises the following questions: (1) What precluded the insurance company from making it clear on the face of the instrument, by express language, that Mr. Townsend was not being covered as an individual, but only as to his partnership interest? (2) Why then didn't appellant specify the extent of the coverage to Mr. Townsend by checking the "other" box category? (3) What language is there on the declaration/face sheet that would indicate Mr. Wenig's intent to insure the partnership and Mr. Engebretson and not Mr. Townsend as an individual?

Mr. Wenig on cross examination testified that, "There was nothing in the policy expressing his intent to insure Mr. Engebretson as an individual, but not Mr. Townsend".

Ms. Nelda Pickering, who also had dealings with Mr. Wenig, testified that it was her understanding that the policy covered both men as well as the partnership.

Appellant cites several cases for the proposition that the cardinal principle in construing policies of insurance is that the intention of the parties control. However, those cases also hold that it is the intention of the parties as expressed by the terms that govern a contract. D. M. A. F. B. Federal Credit Union v. Employers Mutual Liability Insurance Co. of Wisconsin, 96 Ariz. 399, 396 P.2d 20 (1964), and cases cited therein.

We are not convinced by appellant's argument that although doubtful meanings contained in an insurance policy are to be construed in favor of the insured and against the insurer, that rule operates only upon the determination of identity of the insured pursuant to Wylie v. Mountain Motors, 126 W.Va. 205, 27 S.E.2d 494 (1943). Wylie is narrow in construction and has not been accepted by Arizona courts.

We agree with the district court that on the face of the instrument, it is apparent that coverage extended to "Tommy Townsend" individually. In view of the foregoing, judgment is affirmed.