891 P.2d 240

**Michael CLOGHER, Montego Place Limited Partnership, Sabino–I, an Arizona General partnership, Plaintiffs/Appellants,**

v.

**WINSTON AND STRAWN, Cole and Dietz, Defendant/Appellee.**

**No. 2 CA–CV 94–0265.**

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 31, 1995.

---

9. Standard 9.31

10. Rule 57(b), Ariz.R.S.Ct.

Robert Kerry, P.C., Tucson, for plaintiffs/appellants.

Johnston, Maynard, Grant and Parker, P.L.C. by Mark Van Vleet and Logan T. Johnston, Phoenix, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

This is an appeal from a legal malpractice action dismissed by the trial court on the basis that a partnership is not a legal entity capable of suing or being sued in its own right without naming the partners or the employees of the partnership as defendants in the lawsuit. We reverse.

The original suit in this matter was filed in 1991 in New York based upon malpractice claims against the law firm Winston and Strawn, Cole and Dietz (WSCD). The action related to the conduct of a WSCD associate, Martin Hall, in matters involving clients Howard Brock and Michael Clogher, concerning injuries occurring no later than 1989. The malpractice action was dismissed based on *forum non-conveniens*, pursuant to an agreement between the parties that the suit would be refiled in Arizona. The New York suit named WSCD as the sole defendant, while the 1992 suit filed in Arizona added Hall and his wife as defendants. Neither suit named the WSCD partners as parties.

The parties stipulated to the dismissal of the Arizona suit against Hall and his wife on the basis that the statute of limitations had run. WSCD then filed a motion to dismiss the lawsuit against it, contending that the

firm's liability must be based on the conduct of its partners and employees, none of whom were named parties. The trial court granted WSCD's motion, ruling that:

> A law partnership is not a legal entity capable of suing or being sued in its own right; its liability is based entirely on the conduct of the members and employees of the firm itself. ARS § 29–213; *Dolph v. Cortez*, 8 Ariz.App. 429, 430 n. 1, 446 P.2d 939 (1968). ... As to Rule 17(j), the Court agrees with the analysis ... that this is merely a procedural convenience to litigants and does not provide a basis for substantive relief against the partnership itself. There is no indication that the rule was designed to change the long-established rule laid down in *Dolph*.

Appellants filed a motion to amend to add the WSCD partners as parties to the lawsuit. The court denied this motion based on the statute of limitations, holding that the proposed amendment did not relate back to the date of the original pleading pursuant to Ariz.R.Civ.P. 15(c), 16 A.R.S., because appellants failed to serve the partners within the statutory period as set forth at the time of the New York dismissal[1]. This appeal followed.

In reviewing a motion to dismiss, we assume that the allegations of the complaint are true and we will uphold the dismissal only if the plaintiff is not entitled to relief under the facts in the complaint. *Mattison v. Johnston*, 152 Ariz. 109, 730 P.2d 286 (App.1986).

Opposing the dismissal, appellants relied on Ariz.R.Civ.P. 17(j), 16 A.R.S., which provides that "[a]ny partnership may sue and be sued in the name which it has assumed or by which it is known." WSCD argues that the purpose behind Rule 17(j) is strictly to provide a procedural convenience to litigants and not to affect substantive rights. It further contends that a general partnership can only be held liable for the torts of a partner or other agent, and that because the statute of limitations bars adding the partners as

---

1. Upon dismissal in New York, WSCD agreed to waive a statute of limitations defense in any action brought in Arizona, provided that appellants commenced suit in Arizona "within 120 days of The Service of Notice [o]f Entry of this order," meaning within 120 days from March 1992. Appellants filed the amended complaint on October 4, 1993.

named parties, there can be no liability. WSCD relies on a footnote in *Dolph*[2], cited by the trial court, for this argument. The court decided *Dolph* in 1968; Rule 17(j) became effective in 1978, ten years later. Notwithstanding that, we agree with *Dolph* that we look to the common law in situations not covered by the Uniform Partnership Act, A.R.S. § 29–201 *et seq.* The following sections of the Act most closely relate to the issue in the instant case:

### § 29–209. Partner agent of partnership as to partnership business

A. Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership ...

### § 29–213. Partnership bound by partner's wrongful act

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

### § 29–215. Nature of partner's liability

All partners are liable jointly and severally for everything chargeable to the partnership under §§ 29–213 and 29–214, and for all other debts and obligations of the partnership....

The provisions of the Act do not address the specific issue raised here, which is whether a partnership may sue or be sued in its own name. Therefore, we look to the common law for guidance. *Dolph.*

2. The footnote provides, in part:

A.R.S. § 29–205, 10 A.R.S., provides that, in situations not covered by the Uniform Partnership Act, the common law shall apply. The Act nowhere establishes a partnership as a legal entity such as is capable of suing or being sued in its own right. Citations are unnecessary for the proposition that, at common law a partnership can neither sue nor be sued in its firm name.

In *Faber v. Althoff,* 168 Ariz. 213, 812 P.2d 1031 (App.1990), Division One of this court found that the failure to include in a foreclosure judgment against a partnership the right of the creditor to obtain a deficiency judgment against the individual partners did not preclude the creditor from additional relief against the partners. The foreclosure suit named only the partnership.[3] The court found that even though judgment was only against the partnership, the plaintiff had a right to sue the individual partners in successive actions for the unsatisfied deficiency judgment. A.R.S. § 29–215, which provides that all partners "are liable jointly and severally" for all partnership debts, supports this conclusion, as does A.R.S. § 29–209(A), which provides that the acts of an agent of the partnership bind the partnership in any act comprising the usual business of the partnership. If the partnership is liable for a debt, the individual partners are also liable, regardless of the statute of limitations argument.

The dismissal of this lawsuit on the ground that the partners were not named and could not be added to the action was erroneous. In the instant action, appellants have not been given the opportunity to establish liability against the WSCD partnership. They are entitled to their day in court to do so. Should appellants prevail in establishing liability against the partnership, it follows that the assets of the partners are jointly and severally responsible for any liability imposed, regardless of whether the partners were named in the original lawsuit. *Faber;* A.R.S. § 29–215; 68 C.J.S. *Partnership* § 209 (1950).

In light of our holding[4], we need not address the other issues appellants raise. We

*Dolph,* 8 Ariz.App. at 430, 446 P.2d at 940.

3. The original suit was served on one partner, as the agent for the partnership, although he was not named as a party. He was thus bound by the original foreclosure judgment.

4. Because WSCD is not a professional corporation, this opinion has no impact on liability issues raised by A.R.S. § 10–905.

reverse and remand for proceedings consistent with this opinion.

DRUKE, C.J., and ESPINOSA, P.J., concur.