NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SAMANTHA LEIGH ROSENBERG, *Petitioner/Appellant*,

*v.*

JAYSON ROBERT CONZONER, *Respondent/Appellee*.

No. 1 CA-CV 24-0402 FC

FILED 02-06-2025

Appeal from the Superior Court in Maricopa County
No.  FC2006-053796, FC2008-005445
The Honorable Andrew Russell, Judge

**DISMISSED**

COUNSEL

Samantha Rosenberg, Ladysmith, Virginia
*Petitioner/Appellant*

_____

**MEMORANDUM DECISION**

_____

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

_____

**M O R S E**, Judge:

¶1        Samantha Rosenberg ("Mother") challenges the superior court's denial of her petition to modify legal decision-making and parenting time ("Petition").  For the following reason, we dismiss.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2009, the parties' marriage was dissolved by consent decree.  The parties share one child who turned eighteen years old in August 2024.  The child lived with her father, Jayson Conzoner ("Father"), who had sole legal decision-making authority.

¶3        In March 2024, Mother filed the Petition, alleging the child was failing her classes.  In April 2024, the superior court denied the Petition, finding: (1) there was no change in circumstances since the court's March 2023 ruling; (2) there was no proof that Father's actions caused any school-related struggles; and (3) the child was turning eighteen years old "in less than five months."

¶4        Mother timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5        Mother argues the superior court: (1) erred by denying the Petition without identifying any deficiencies for her to correct; (2) abused its discretion by denying her a hearing on the merits of the Petition; and (3) denied her due process.

¶6        But all of Mother's arguments about the Petition are moot because the child is now eighteen years old.  *See* A.R.S. § 1-215(6) (defining "child" as a person under eighteen years of age); A.R.S. § 25-401(3), (5) (stating legal decision-making authority and parenting time concern rights pertaining to a "child").  Because the child is no longer a minor, our resolution of Mother's arguments will not affect the parties and we must

dismiss this appeal. *See Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012) (stating appeals are generally dismissed "as moot when our action as a reviewing court will have no effect on the parties"); *In re Matter of Salcido v. Hamilton*, 1 CA-CV 23-0584 FC, 2024 WL 2933350, at *3, ¶ 18 (Ariz. App. June 11, 2024) (mem. decision) (finding arguments regarding legal decision-making and parenting time moot because the child turned eighteen years old); *Tia C. v. Gabriel V.*, 1 CA-CV 23-0519 FC, 2024 WL 1879755, at *3, ¶ 16 (Ariz. App. Apr. 30, 2024) (mem. decision) (same); *In re Marriage of Lujan-Rodriguez & Rodriguez*, 2 CA-CV 2022-0183 FC, 2023 WL 4778187, at *1, ¶ 8 (Ariz. App. July 26, 2023) (mem. decision) (same); *Krenz v. Neuman*, 1 CA-CV 16-0657 FC, 2017 WL 6568058, at *1, ¶ 6 (Ariz. App. Dec. 26, 2017) (mem. decision) (same).

**¶7** We note that Father did not file an answering brief. Normally, we treat the appellee's lack of a response as a confession of error. *Hoffman v. Hoffman,* 4 Ariz. App. 83, 85 (1966). But we decline to do so when an appeal does not present a debatable issue. *Porter v. Pfahl*, 8 Ariz. App. 486, 487 (1968). As discussed *supra* ¶ 6, this appeal is moot and does not present a debatable issue. Therefore, we do not treat Father's lack of response as a confession of error.

**¶8** Mother requests attorney fees and costs pursuant to A.R.S. § 25-324. In our discretion, we deny Mother's request.

## CONCLUSION

**¶9** We dismiss.



AMY M. WOOD • Clerk of the Court
FILED:
JR