8 N.J. Super. 450 (1950)
73 A.2d 284
R.L. GUTTRIDGE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
LLOYD WEAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 9, 1950.
*451 Mr. Huyler E. Romond, for the plaintiff.
Mr. Samuel M. Cole (Mr. Louis J. Greenberg, of counsel), for the defendant.
JAYNE, J.S.C.
This action relates to the basic validity and equitable enforceability of a restrictive covenant embodied in and ancillary to a contract of employment entered into by the parties on November 27, 1948.
The negative covenant to which the defendant and a fellow employee subscribed reads as follows:
"3. Said employees do further agree that upon the termination of their said employment that they will not directly or indirectly, as *452 agent, servant, employee or representative, be connected with or concerned in any business or employment either as agent, servant, employee, stockholder or representative in any business which engages in the purchase or sale of suet, fats, bones, grease, skins or hides, or any business which renders animal by-products making tallow or cracklings, for a period of eighteen months after said termination with the employer herein, said territory restricted to said employees in which they hereby covenant not to engage in competition with the employer after the termination of said employment shall be the State of New Jersey and within a radius of one hundred miles of the City of Scranton, Pennsylvania, said territory being recognized by the parties hereto as being that which is presently covered by the employer herein;
"4. Nothing herein contained shall be construed to prevent the employer from terminating the employment of the employees at any time nor shall this agreement be construed from preventing, in any way, the employees on their own behalf terminating said employment with the employer. The purpose and intent of the parties hereto is to prevent said employees, after their termination of employment with the present employer, R.L. GUTTRIDGE, INC., from entering into a competing business, either directly or indirectly, within the territory covered by said employer."
I stated in my decision in Silbros, Inc. v. Solomon, 139 N.J. Eq. 528 (Ch. 1947), in which a copious citation of pertinent authorities may be found, that neither public policy nor the judicial decisions of recent years have disapproved of contracts in restraint of trade between employer and employee where the restraint is reasonably necessary for the protection of the business of the employer and not unreasonably restrictive in point of time or territory upon the rights of the employee. See, also, Pilgrim Coat, Apron, &c., Inc. v. Krzywulak, 141 N.J. Eq. 212 (Ch. 1948); Schlossbach v. Francis-Smith, 3 N.J. Super. 368 (Ch. 1949).
The present case is submitted to me for determination by consent of counsel upon the consideration of the contract, the admissions contained in the pretrial order, and the transcript of the testimony of the defendant taken pursuant to Rules 3:29 and 3:30.
The employment of the defendant by the plaintiff originated on December 8, 1947. The plaintiff is engaged in the business of purchasing meat scraps, such as fats, suet, bones, *453 hides, skins, and kindred products to be thereafter processed. The defendant and the other subscriber to the contract, and perhaps others, were employed to solicit customers from whom such materials could be regularly obtained.
In November, 1948, experience caused the plaintiff to recognize the wisdom of protecting its business and its commercial relationship with the sources of the desired materials by restricting its field representatives such as the defendant from impulsively terminating their employment and immediately exerting their efforts competitively.
The plaintiff was then at liberty to discharge the defendant and his associate at will and informed them that their employment would be continued if they chose to accept it subject to the restrictive covenant.
The defendant frankly acknowledges that he read, discussed, and fully understood the new agreement, that he executed it voluntarily, that on October 12, 1949, he terminated his employment, that he has since engaged to perform precisely similar services for The Theobold Industries, a competitor of the plaintiff, in the same territory in New Jersey, and that he has interviewed on behalf of his present employer some of the customers of the plaintiff and endeavored to capture them for his present employer.
The controversial issue seems therefore to concentrate principally upon the reasonableness of the covenant.
Anent the time during which the covenant is to be operative, the period of eighteen months does not appear to be manifestly unreasonable. Cf. Sarco Co. of N.J. v. Gulliver, 3 N.J. Misc. 641, 645 (Ch. 1925); affirmed, 99 N.J. Eq. 432 (E. & A. 1926); Credit Rating Service, Inc. v. Charlesworth, 126 N.J. Eq. 360, 366 (Ch. 1939).
By the express terms of the agreement the defendant promised that he would not, directly or indirectly, engage in a competing business within "the State of New Jersey and within a radius of one hundred miles of the City of Scranton, Pennsylvania." It is significant to observe in the contract the acknowledgment that "said territory being (is) recognized *454 by the parties hereto as being that which is presently covered by the employer herein."
Assuredly, the restriction upon the employee should not be unduly oppressive and outstretch territorially the area reasonably to be embraced for the protection of the employer. Except the admission of the defendant embodied in the contract, there is little, if any, information in the case concerning the business activities of the plaintiff in the designated area in Pennsylvania. Significantly, the plaintiff's counsel in his argument does not seek to restrain the defendant from pursuing a competitive employment in that region.
Relative to the business of the plaintiff in New Jersey within which the defendant has rendered his services, I find in the defendant's deposition the following confirmation:
"Q. In fact he (plaintiff) covered most of the State of New Jersey, isn't that so?
"A. Practically, he did, yes sir."
While the issuance of preliminary restraint operative and effective only in a portion of the territory described in the contract has been condoned (Sonotone Corp. v. Ellis, 4 N.J. Super. 331 (App. Div. 1949)), yet at final hearing the reasonableness of the restrictive covenant must be considered in its entirety in the light of all the relevant circumstances of the particular case.
I pause therefore to consider whether the territorial range as described in the contract should with due regard to the language and evident intentions of the parties be construed as divisible. Cf., Fleckenstein Bros. Co. v. Fleckenstein, 76 N.J.L. 613 (E. & A. 1908). The defendant's services have been confined to the State of New Jersey and I think that the area in Pennsylvania was included to protect the plaintiff in the event that the defendant should thereafter be assigned to the Scranton territory.
I conclude that the contract is valid and in point of territory it is divisible.
*455 Negative covenants have been uniformly enforced in equity where the services of the employee have been of such a nature as readily to enable the employee to influence the business or trade with the customers of the employer. The defendant will be enjoined from violating the terms of the covenant within the State of New Jersey.
Judgment accordingly.