346 P.2d 137

Keith O. LASSEN, Appellant,

v.

F. R. BENTON, Appellee.

No. 6598.

Supreme Court of Arizona.

Nov. 13, 1959.

Rhodes & Killian, Mesa, and Evans, Kitchel & Jenckes, Phoenix, for appellant.

Snell & Wilmer, and Roger W. Perry, Phoenix, for appellee.

DON T. UDALL, Superior Court Judge.

Plaintiff-appellant, Dr. Keith O. Lassen, a licensed veterinarian, brought an injunctive action in the Maricopa County Superior Court against defendant-appellee, Dr. F. R. Benton, also a veterinarian, to enforce a restrictive covenant in an employment contract theretofore entered into between the parties, and for damages incident to the breach thereof. The trial court—without any findings of fact—held that said contract was unenforceable and entered judgment for defendant Benton. This appeal followed. The parties will hereafter be designated as they appeared in the lower court, i. e., plaintiff and defendant.

For nearly 20 years the plaintiff had been engaged in the practice of his profession in Mesa, a city of not over 20,000 population at the time the parties entered into the agreement. He limited his own practice to treating and caring for large animals and specialized in that field. However, the plaintiff also built a small animal hospital in Mesa in 1948, which was operated thereafter under the supervision of hired veterinarians.

On April 1, 1953, defendant entered his employ under a written contract whereby he was to operate and manage the small animal hospital owned by plaintiff. The contract expired at the end of three years. At the close of the term, the parties attempted to negotiate a new agreement, but

their efforts to renew the contract failed, and ten months thereafter, February 1, 1957, the plaintiff terminated defendant's employment.

Thereupon, the defendant began practicing veterinary medicine in Mesa and commenced the establishment of a boarding kennel and small animal hospital, which resulted in the bringing of this lawsuit.

The pertinent part of the contract which plaintiff alleges defendant violated, reads as follows:

"In the event that this contract shall be terminated by either party, or by its terms shall elapse, the second party hereby agrees that he will not practice Veterinary Medicine or establish, or work in any small animal hospital within twelve (12) miles of the city limits of the City of Mesa, Arizona, for a period of five (5) years from the date of termination."

The 12 mile zone surrounding Mesa city limits takes in approximately two-thirds of Phoenix, and all of the cities of Scottsdale, Tempe, Chandler, and Gilbert, as well as Williams Air Force Base. The record further reveals that a large proportion of plaintiff's hospital business came from the immediate vicinity of Mesa, the remainder coming from the outside area, and that the hospital had approximately 6,000 customers during the time defendant managed it.

The plaintiff makes only one assignment of error wherein he contends that the restrictive covenant appearing in the agreement is valid and enforceable and that the lower court erred in entering judgment for defendant. He argues that both the duration and the area mentioned in the covenant are reasonable and necessary for the protection of the employer's business, and that no injury will result to the public by restraining the breach of the covenant.

One of the leading cases in this field of the law, with a similar factual basis to the one at bar, is the case of Granger v. Craven, 159 Minn. 296, 199 N.W. 10, 52 A.L.R. 1356. In that case, plaintiff, a physician and surgeon in Rochester, employed the defendant, who was also a physician and surgeon, to take charge of the ear, nose, and throat department in plaintiff's office. The contract was subject to termination by either party on 30 days' written notice. It further provided that defendant, after termination of the contract, would not engage in the practice of medicine or surgery, or any of the branches thereof, directly or indirectly, or as an employee of anyone else in Rochester, nor within 20 miles thereof, for three years after such termination. The Supreme Court of Minnesota in a well-reasoned opinion held that the restrictive covenant was reasonable and enforceable. See also Allen v. Rose Park Pharmacy, 120 Utah 608, 237 P.2d 823. In Bauer v. Sawyer, 6 Ill.App.2d

178, 126 N.E.2d 844, 851—in many respects comparable to the instant case—the Appellate Court of Illinois held that a restrictive covenant could properly be enforced in equity by injunction. In this regard the Court said:

"The provision in this agreement, therefore, preventing the defendant withdrawing partner from practicing within a radius of 25 miles of Kankakee for 5 years from the date of withdrawal being limited as to area and being limited as to time, being not greater than reasonably necessary to protect the fair and legitimate contract rights and interests of the remaining partners, is reasonable and not contrary to public policy, is supported by a sufficient legal consideration, and, a breach having occurred, it is a negative restrictive covenant which may properly be enforced in equity by injunction."

■ A treatise on restrictive covenants is found in Briggs v. Butler, 140 Ohio St. 499, 45 N.E.2d 757, 758, 41 A.L.R.2d 60. A syllabus by the Court announces the rule applicable here:

"A contract between an employer and employee whereby the latter agrees that subsequent to the termination of such employment he will not engage in a competitive business within a reasonably limited time and space is valid and enforceable where the restraint is not beyond that reasonably necessary for the protection of the employer's business, is not unreasonably restrictive upon the rights of the employee and does not contravene public policy."

Speaking of a restrictive covenant whereby an assistant who became associated with an experienced older physician agreed not to establish a practice of his own within the city during five years after termination of agreement, the court in Freudenthal v. Espey, 45 Colo. 488, 102 P. 280, 238, 26 L.R A.,N.S., 961 approving such agreement, said:

" 'In such a case the public derives an advantage in the unrestrained choice which such a stipulation gives to the employer of able assistants, and the security it affords that the master will not withhold from the servant instruction in the secrets of his trade and the communication of his own skill and experience, from the fear of his afterwards having a rival in the same business.' * * *

\* \* \* \* \* \*

" * * * Besides, we are not disposed by judicial decree to render it practically impossible for the unlearned to better their condition, and become skilled in a trade or experienced in a profession, by means of proper ap-

prenticeships, as we would do, were we to declare this contract void."

◼ Defendant contends the enforcement of the covenant in question would be against public policy and would unreasonably restrict defendant's rights. We do not take that view of this case. Concerning the question of public policy and its application to a case similar to this one, the court in Granger v. Craven, supra [159 Minn. 296, 199 N.W. 11] made the following statement:

"* * * We cannot agree that public policy so limited plaintiff's right to say on what conditions he would admit defendant to his employment. We decline to adopt a rule so abridging the right of contract, which is no small part of the liberty of the citizen. We do not so far forget that the usual and most important function of courts of justice is rather to maintain and enforce contracts than to enable parties thereto to escape their obligation on the pretext of public policy, unless it clearly appears that they contravene public right or the public welfare. * * *"

The defendant also urges that the restrictive covenant is unreasonable in that is covers a geographical area broader than necessary to protect the legitimate interests of the employer. While it is true that only a small part of the hospital business—estimated at 10% to 25%—came from the area included in the 12-mile radius from the Mesa city limits, the record is silent on the question of a public need of additional veterinarians in that particular area. Also, there is no affirmative showing in defendant's answer or his proof that the enforcement of the contract would be injurious to the public interest. On the questions of area, fair protection to the covenantee, and of public need, the court in the Granger case, supra, laid down the rule that should be adhered to in determining this case, viz.:

"* * * As to area, the considerations arising from the speed and convenience of modern facilities of communication and transportation put equally beyond question the exclusion of defendant from Rochester and the territory within a radius of 20 miles.

"The test is one of reasonableness. Such a contract is not unlawful if the restriction is no more than necessary to afford fair protection to the covenantee and is not injurious to the interests of the public. The restraint put on defendant by his contract meets the test of reasonableness at all points. It protects a legitimate interest in a legitimate manner."

This Court in the case of Henderson v. Jacobs, 73 Ariz. 195, 239 P.2d 1082, held

that restrictive covenants will be enforced where the restraint is limited as to time and space and is ancillary or incidental to a lawful contract.

 The law is well settled that a restrictive covenant which is ancillary to a valid employment contract and which is not unreasonable in its limitations should be upheld in the absence of a showing of bad faith or of contravening public policy. Since in the instant case the restrictions covenanted to were not shown to have been entered into in bad faith or to be unreasonable, and since no public policy is shown which would override the rights of the parties to bind themselves by such a contract, we hold the trial court was in error by its refusal to enjoin the violation of the covenant.

The judgment is reversed with directions to enforce the covenant and award damages, if any, sustained by plaintiff as a result of defendant's violation thereof; such damages are to be assessed from the time the breach commenced.

PHELPS, C. J., and STRUCKMEYER, UDALL, and JOHNSON, JJ., concurring.

NOTE: Justice CHARLES C. BERNSTEIN being the trial judge, disqualified, and Honorable DON T. UDALL, Judge of Superior Court, Navajo County, was called to sit in his stead.