462 P.2d 838

**AMERICAN CREDIT BUREAU, INC., an Arizona corporation, Appellant,**

v.

**Robert H. CARTER, Appellee.**

**No. I CA–CIV 919.**

Court of Appeals of Arizona.

Division 1.

Dec. 23, 1969.

Scoville & Green, by Jordan Green, Phoenix, for appellant.

Powers, Boutell, Fannin & Ridge, by William T. Boutell, Jr., Phoenix, for appellee.

KRUCKER, Chief Judge.

Plaintiff-appellant, American Credit Bureau, Inc., sought a permanent injunction against defendants, Carter, Ohlhausen and Jeffory, to prevent them from competing with plaintiff, their former employer, as provided in their original employment contracts. A temporary restraining order was issued, but the court, sitting without a jury, held that the contract was not enforceable for lack of mutuality and consideration and dissolved the restraining order. Plaintiff appealed that determination and pursuant to a subsequent motion, the appeal was dismissed as to all defendants' except Carter.

The sole issue plaintiff raises is whether or not employment for a substantial period of time is sufficient consideration to support the non-competition agreement.

American Credit Bureau does business as a debt collection agency. Robert Carter was employed by the credit bureau May 17, 1965, at a starting salary of $1,000 a month. He testified that after resigning his former job, he was asked, on his first day at American Credit, to sign an agreement not to compete, an agreement similar to that of the other two defendants. The written agreement being lost, it appears that in substance it provided that an employee agrees not to engage in the collection agency business in Maricopa County for three months for every one full month employed, the total not to exceed five years. Mr. Carter was employed by American Credit for nearly three years, although as plaintiff admits, the employment contract itself continued at the will of the plaintiff. Defendant served as sales manager and director of public relations, but testified that upon realization of several unethical practices in the company and general dissatisfaction with his job, he decided to form his own collection agency with the other defendants and therefore resigned in February, 1968.

Plaintiff's position is an interesting one of first impression in Arizona. It contends that the defendant's employment for three years at a sizeable salary constituted sufficient consideration for the non-competition agreement. It appears to concede that the agreement may have lacked sufficient consideration at its inception due to the at-will nature of the employment terms, but that insofar as performance by plaintiff occurred, it is binding and effective. As support for its position, it cites Little Butte Consolidated Mines Co. v. Girand, 14 Ariz. 9, 123 P. 309 (1912); Meyer v. Wineburgh, 110 F.Supp. 957 (D.C.Cir. 1953); and Bailey v. King, 240 Ark. 245, 398 S.W.2d 906 (1966).

Defendant Carter contends that not only is the lack of consideration at inception destructive of the contract's validity, but that if subsequent performance generates consideration, it was vitiated by the unethical practices of the company and his resignation was a result thereof. Extensive testimony was presented which confirms the existence of the practices alleged. In short, defendant contends the subsequent performance cannot be taken as consideration sufficient to justify an injunction in equity. Plaintiff does not answer this latter contention.

■ We point out that the general rule, and that in Arizona, is that a restrictive covenant in an employment agreement, that the employee will not compete within a reasonably limited time and space, is valid and enforceable by injunction where the restraint does not exceed that reasonably necessary for protection of the employer's business, is not unreasonably restrictive upon rights of the employee and does not contravene public policy. Lassen v. Benton, 86 Ariz. 323, 346 P.2d 137 (1959); Titus v. Superior Court of Maricopa County, 91 Ariz. 18, 368 P.2d 874 (1962); 43 C.J.S. Injunctions § 84; 42 Am.Jur.2d Injunctions § 115.

■ We also note that the covenant must fall within the requirements of a valid contract, and it must be incidental or ancillary to an otherwise legally enforceable contract. Lassen, supra; 42 Am.Jur. 2d Injunctions § 117; 43 C.J.S. Injunctions § 84; Henderson v. Jacobs, 73 Ariz. 195, 239 P.2d 1082 (1952).

■ Initially, we find that, as a matter of law, defendant Carter's three years employment and substantial salary provided sufficient consideration to support the non-competition agreement. We find no need to determine whether an at-will employment contract per se is lacking in consideration at its inception and note there appears to be an authority both ways on this point. Annot., 155 A.L.R. 652, 660 n. 9; Byram v. Vaughn, 68 F.Supp. 981 (D. C.Cir. 1946); Super Maid Cook-Ware Corp. v. Hamil, 50 F.2d 830 (5th Cir. 1931). We note, however, that an employment contract requiring only 30 days notice of termination in Granger v. Craven, 159 Minn. 296, 199 N.W. 10, 52 A.L.R. 1356 (1924), was cited with approval by the Arizona court in Lassen v. Benton, supra.

■ In this jurisdiction, the scope of appellate review of an order granting or denying injunctive relief is limited to consideration of whether a clear abuse of the trial court's discretion has been demonstrated. County of Cochise ex rel. Riley v. Board of Supervisors of Cochise County, 7 Ariz.App. 571, 442 P.2d 129 (1968). This principle reflects the basic notions of equity, that:

"Though the distinctions between law and equity are abolished, applications for an injunction are still to be considered in accordance with the traditionally flexible practice developed by the Courts of Chancery by which injunctive relief was granted or withheld in the exercise of a sound judicial discretion." 7 Ariz.App., at 573, 442 P.2d at 131, quoting Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 3, § 1431, p. 483. * * *

■ In Lassen, supra, the Arizona Supreme Court held that bad faith in regard to the employment contract on the part of the one seeking enforcement thereof is a

defense to a claim for injunctive relief. Defendant contends that the "unethical practices" of the company are pertinent to the covenant's enforcement because these practices made his continued employment impossible. We do not believe that such practices in any way affect the enforceability of this agreement. The agreement prohibits competition whether the employee leaves or is fired, implying that the cause of termination does not affect the agreement. Cf. 42 Am.Jur.2d Injunctions § 117, at 873 n. 7; Red Star Yeast & Products Co. v. Hague, 25 Ohio App. 100, 157 N.E. 393 (1927). There was no evidence presented to show that the employer had breached any contractual obligation to defendant to refrain from such practices which could affect its equitable right to enforce the agreement.

"'* * * The dirt upon his hands must be his bad conduct *in the transaction complained of*. If he is not guilty of inequitable conduct *toward the defendant* in that transaction, his hands are as clean as the court can require.'" (Emphasis in original) Smith v. Neely, 93 Ariz. 291, 380 P.2d 148 (1963).

On the other hand, there is evidence that plaintiff had unclean hands in the formation of this contract. Defendant Carter testified he did not know he was to sign such an agreement until after he had quit his prior job, and plaintiff admits to having successfully induced defendant to leave his previous job and to having him sign the subject agreement on his first day's work. The trial court, therefore, did not abuse its discretion in denying injunctive relief to the plaintiff.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.