148 N.J. Super. 243 (1977)
372 A.2d 616
JOSEPH KARLIN, PLAINTIFF-APPELLANT,
v.
HARVEY WEINBERG, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 23, 1976.
Decided March 1, 1977.
*245 Before Judges HALPERN, ALLCORN and BOTTER.
Messrs. Beck, Reichstein & Guidone, attorneys for appellant (Mr. Ronald Reichstein on the brief).
Messrs. Pitney, Hardin & Kipp, attorneys for respondent (Mr. Richard L. Plotkin and Mr. Ira J. Kaltman, on the brief).
The opinion of the court was delivered by BOTTER, J.A.D.
Plaintiff and defendant are medical doctors specializing in dermatology. Defendant moved to New Jersey after he entered into a one-year employment agreement with plaintiff which provided that, upon termination of employment under the agreement for any reason, defendant would not for a period of five years thereafter, without plaintiff's written consent "engage in the practice of dermatology within a ten mile radius of [plaintiff's medical office at] 60 Broadway, Denville, New Jersey." When defendant discontinued his relationship with plaintiff in the practice of medicine and opened an office at 92 Broadway, Denville, a short distance from plaintiff's offices, plaintiff brought this action to enjoin defendant from violating the restrictive covenant. Plaintiff moved for an interlocutory injunction and defendant filed a cross-motion for partial summary judgment dismissing the complaint, leaving open defendant's counterclaim for an accounting of profits and assets of the partnership arrangement which the parties entered into upon the expiration of the initial employment relationship. The trial judge denied plaintiff's motion for an interlocutory injunction and dismissed the complaint on the ground that the restrictive covenant was against public policy *246 and unenforceable as a matter of law. From that order plaintiff has appealed.[1]
We disagree with the holding below that the covenant unduly impairs the public interest and is unenforceable as a matter of law. The trial judge correctly noted that the covenant does not prevent defendant from treating any patient who is willing to travel to his new offices located outside the proscribed ten mile zone. But the trial judge concluded that the covenant would prevent defendant's services from being "reasonably accessible" by virtue of the distance a former patient would have to travel, and, therefore, the "public right" was violated. In so ruling he held that the principles of Dwyer v. Jung, 137 N.J. Super. 135 (App. Div. 1975), aff'g 133 N.J. Super. 343 (Ch. Div. 1975) were "equally applicable to doctors as * * * to lawyers."
Dwyer v. Jung condemned a restrictive covenant in an attorneys' partnership agreement which sought to allocate designated clients to certain partners upon termination of the partnership. We there held that the agreement violated DR 2-108(a) of the Disciplinary Rules of our Supreme Court and was unenforceable. But there is no comparable provision of law which makes it illegal for a doctor voluntarily to agree to restrict his practice of medicine from a given area. The record in this case contains excerpts from "Principles of Medical Ethics," published by the American Medical Association, which states that there is "no ethical proscription" against knowingly agreeing "not to practice within a certain area for a certain time * * *." This is consistent with the established law of this state, Marvel v. Jonah, 83 N.J. Eq. 295 (E. & A. 1914) (rejecting the position of dissenting judges that the injunction against defendant's practice of medicine in Atlantic City for three years *247 should not preclude rendering medical care to persons who were not plaintiff's patients), as well as the prevailing law in other states. Bauer v. Sawyer, 8 Ill.2d 351, 134 N.E.2d 329 (Sup. Ct. 1956) (upholding a five year restriction against practicing medicine within a radius of 25 miles of the city where the partnership practice was located); Bradford v. Billington, 299 S.W.2d 601 (Ky. Ct. App. 1957) (upholding restriction for six years against practice of medicine within city or county); Willman v. Beheler, 499 S.W.2d 770 (Mo. Sup. Ct. 1973) (upholding a five-year restriction against practicing medicine within a radius of 20 miles from the corporate limits of the city in which the partnership practice was located); McCallum v. Asbury, 238 Or. 257, 393 P.2d 774 (Sup. Ct. 1964) (upholding covenant against practicing medicine for 10 years within city and 30 mile radius); Daniel v. Goesl, 161 Tex. 490, 341 S.W.2d 892 (Sup. Ct. 1960) (upholding restriction for 3 years against practicing medicine in two counties). See Annotation, "Validity and Construction of Contractual Restrictions on Right of Medical Practitioner to Practice, Incident to Partnership Agreement," 62 A.L.R.3d 970, 992 (1975).
Defendant contends that a restrictive covenant may not be enforced against a former employee if it imposes undue hardship upon the employee or is injurious to the public, Solari Industries, Inc. v. Malady, 55 N.J. 571, 576 (1970), and that, in any event, an employer "has no legitimate interest in preventing competition as such" but is limited to protecting "trade secrets and customer relationships." Whitmyer Bros., Inc. v. Doyle, 58 N.J. 25, 33 (1971). However, we do not read these cases as precluding the enforcement of the covenant in question. Solari Industries, Inc. holds that noncompetitive agreements "do have a proper place and are enforceable under appropriate circumstances" if reasonable. We hold that plaintiff had a rightful interest to protect when defendant joined him in Denville in the practice of medicine. Plaintiff introduced defendant to his patients and to other doctors in the community who referred patients to plaintiff. *248 Although the restriction will impose some inconvenience upon those who would continue to utilize defendant's services, the trial judge erred in holding that this circumstance rendered the covenant void as a matter of law. The affidavits do not conclusively establish an imperative need for defendant's services in the proscribed area to the extent that the health of the community would be jeopardized by the enforcement of the covenant.
We find no merit, also, to defendant's contention that the covenant became unenforceable because the employment contract expired and the parties thereafter began practicing medicine as partners. By its terms the covenant was binding for a period of five years after termination of the employment relationship. Although the parties negotiated several versions of a partnership agreement, each of which imposed a similar restrictive covenant upon the withdrawing partner, no final agreement was ever signed. It is clear that the covenant in the employment agreement was not voided by a valid and binding agreement. It may have been the intention of the parties to supersede the original covenant by a similar covenant becoming effective upon dissolution of the partnership. In fact, by his counterclaim defendant has affirmed a partnership agreement of some sort by asserting a claim for a share of partnership profits according to the provisions of the unsigned agreement. But plaintiff may enforce the original covenant, to the extent it is deemed reasonable (see Solari Industries, Inc. v. Malady, supra), in the absence of a binding agreement voiding or superseding that covenant.
Accordingly, we conclude that the trial judge erred in dismissing the complaint and in denying the interlocutory injunction as a matter of law.
Reversed and remanded to the trial court for proceedings not inconsistent with this opinion.
NOTES
[1] In accordance with R. 4:42-2, the order certified that the dismissal of the complaint shall be deemed a final judgment, notwithstanding that the action would continue as to defendant's counterclaim. See Heavner v. Uniroyal, Inc., 63 N.J. 130, 133, n. 2 (1973).