153 N.J. Super. 37 (1977)
378 A.2d 1164
PETER HOGAN, PLAINTIFF-RESPONDENT,
v.
BERGEN BRUNSWIG CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 30, 1977.
Decided September 29, 1977.
*39 Before Judges MATTHEWS, BISCHOFF and HORN.
Mr. Murray J. Laulicht argued the cause for appellant (Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher, attorneys).
Mr. Richard D. Schibell argued the cause for respondent (Messrs. Shebell and Schibell, attorneys).
PER CURIAM.
Defendant Bergen Brunswig Corporation appeals, pursuant to leave granted, from a summary judgment permanently enjoining the enforcement of a post-employment *40 restrictive covenant against solicitation of customers executed by plaintiff Peter Hogan, a former employee. Plaintiff was employed by defendant for 27 years in its Allied Churgin and Sadkin Laboratories Dental Division (Allied) as a salesman. His territory consisted primarily of Essex and Union Counties and the accounts serviced by him represented annual sales of more than $800,000, or almost 25% of Allied's gross sales.
On October 25, 1973 defendant circulated to all of its employees a policy statement covering "the subjects of conflicts of interest, gifts, gratuities, confidential information, trade secrets and inventions." Employees were requested to sign and return a letter of acknowledgment. Included in the policy statement was the following:
The Company has developed and continues to develop and use commercially valuable proprietary technical and nontechnical information which is vital to the success of the Company's business. Employees are employed by the Company in a capacity in which they may become acquainted with such information and may in fact contribute thereto either by inventions, discoveries, designs, improvements or otherwise. In order to guard the legitimate interest of the Company, it is necessary for the Company to protect certain of the information either by patents or by holding such information secret or confidential.
Therefore, in consideration of and as part of the terms of employment of the Employee by the Company, it is the Company's policy to require each of its employees to comply with the following policies:

* * * * * * * *
For a period of twelve months following the termination of an Employee's employment with the Company, he shall not directly or indirectly solicit any customer of the Company for whom he performed services while employed by the Company or which he solicited on behalf of the Company.
A letter acknowledging receipt of the statement and the understanding "that the obligations which arise thereunder shall continue after the expiration of [his] employment with the Company" was signed by plaintiff on May 9, 1974.
*41 Plaintiff was discharged February 11, 1977 and, on June 14, 1977, filed a verified complaint in which he sought, among other things,
(1) a judgment declaring the policy statement void and unenforceable;
(2) an injunction against any further action by defendant predicated upon the policy statement, and
(3) a restraint against defendant's interference with plaintiff's business relationship.
Plaintiff, by way of order to show cause supported by affidavits, sought a preliminary injunction against the enforcement of the restrictive covenant pending final hearing. Following a hearing on the return day of the order to show cause the trial judge, in an opinion reported at 151 N.J. Super. 344 (Ch. Div. 1977), held "as a matter of law that the instant restrictive covenant prohibiting post-employment solicitation of customers is void and unenforceable for want of consideration" and entered a permanent injunction against its enforcement.
This appeal followed.
An employee's restrictive covenant against post-employment competition ancillary to a contract of employment will be given effect if the covenant "is reasonable under all the circumstances of the particular case" and it will generally be found to be reasonable if it "simply protects the legitimate interest of the employer, imposes no undue hardship on the employee and is not injurious to the public." Whitmyer Bros., Inc. v. Doyle, 58 N.J. 25 (1975); Solari Industries, Inc. v. Malady, 55 N.J. 571, 585 (1970); A. Hollander & Sons, Inc. v. Imperial Fur Blending Corp., 2 N.J. 235, 248-49 (1949); Karlin v. Weinberg, 148 N.J. Super. 243 (App. Div. 1977); Ideal Laundry Co. v. Gugliemone, 107 N.J. Eq. 108 (E. & A. 1930).
The enforcement of such restrictive covenants does not depend upon the existence of a written contract of employment for such contracts need not be in writing but may be evidenced by conduct rather than words, Gomez v. Federal Stevedoring Co., Inc., 5 N.J. Super. 100, 103 (App. *42 Div. 1949); Savarese v. Pyrene Mfg. Co., 9 N.J. 595 (1952), and where, as here, no definite term is indicated, the contract is deemed to be at will and subject to termination with or without cause. Jorgensen v. Pennsylvania R.R. Co., 25 N.J. 541, 554 (1958).
Here, since defendant seeks the benefit of the restrictive covenant in the counties of Essex and Union only and for a period of one year from February 11, 1977, plaintiff concedes it is not unreasonable in either the space or time components thereof.
Defendant also concedes that an employer has no legitimate interest in preventing competition as such and that where mere customer lists (dentists, here) may be readily ascertained from public sources, such lists may not be protected by valid restrictive covenants. Defendant contends, however, that throughout plaintiff's 27-year employment he was engaged in calling on basically the same customers and was required to file reports concerning these calls and the relationship existing between defendant and the customers. Plaintiff was paid to develop a "close customer relationship" which, defendant argues, is a legitimate interest for the protection of a restrictive covenant, citing Whitmyer Bros., Inc. v. Doyle, supra 58 N.J. at 33.
We need not pass upon that question, for the specific issue presented by this appeal, as stated by the judge, is "whether continued employment constitutes consideration sufficient to support an employee's restrictive covenant not to engage in post-employment solicitation of customers."
The validity and enforceability of such covenants, as with any covenant, rest in part upon the existence of good and sufficient consideration. A. Hollander & Sons, Inc. v. Imperial Fur Blending Corp., supra 2 N.J. at 249; Ideal Laundry Co. v. Gugliemone, supra 107 N.J. Eq. at 110; Sarco Company of New Jersey v. Gulliver, 3 N.J. Misc. 641, 649, 129 A. 399 (Ch. 1925), aff'd o.b. 99 N.J. Eq. 432 (E. & A. 1926).
*43 The existence of sufficient consideration to support a post-employment restraint may be found in either the original contract of employment or in a post-employment contract, where the supporting consideration is at least, in part, the continuation of employment. Sarco Company of New Jersey v. Gulliver, supra at 649; R.L. Guttridge, Inc. v. Wean, 8 N.J. Super. 450, 453 (Ch. 1950); Credit Rating Service, Inc. v. Charlesworth, 126 N.J. Eq. 360, 362 (Ch. 1939); McCombs v. McClelland, 223 Or. 475, 354 P.2d 311 (1960); Roessler v. Burwell, 119 Conn. 289, 176 A. 126 (S.Ct. Err. (1934)); Annotation, "Non-Competition Clauses," 51 A.L.R.3d 825, 835 (1973); Blake, "Employee Agreements Not to Compete," 73 Harv. L. Rev. 625, n. 1 (1960); cf. Credit Bureau Management Co. v. Huie, 254 F. Supp. 547 (E.D. Ark. 1966).
A verbalized threat of immediate discharge in the event the employee does not sign a proposed restrictive covenant is not necessary to constitute the consideration required to support a post-employment contract. Such a consequence can be inferred from conduct. Here the request for the restrictive covenant, first made in October 1973 and repeated in May 1974, indicates that the employer was insisting upon its execution. The continuation of plaintiff's employment for approximately three years after he signed the letter which acknowledges the covenant also provides consideration for the restrictive covenant. Farm Bureau Service Co. of Maynard v. Kohls, 203 N.W.2d 209 (Iowa Sup. Ct. 1972); Daughtry v. Capital Gas Co., Inc., 285 Ala. 89, 229 So.2d 480 (Sup. Ct. 1969), reh'g den. Jan. 8, 1970; Thomas v. Coastal Industrial Svcs., Inc., 214 Ga. 832, 108 S.E.2d 328 (Sup. Ct. 1959); Roessler v. Burwell, 119 Conn. 289, 176 A. 126 (Sup. Ct. Err. 1934); Bettinger v. North Fort Worth Ice Co., 278 S.W. 466 (Tex. Civ. App. 1925); cf. Credit Rating Service v. Charlesworth, supra 126 N.J. Eq. at 362; Sarco Company of New Jersey v. Gulliver, supra 3 N.J. Misc. at 649.
*44 We conclude that the trial judge erred in holding, as a matter of law, that there was a lack of consideration to support the restrictive covenant and, accordingly, vacate the permanent injunction and remand the matter for further proceedings on the remaining issues.
We do not retain jurisdiction.