730 P.2d 286

**Diane MATTISON, an individual, dba Hidden Hills, a sole proprietorship, Plaintiff-Appellant,**

**v.**

**Donna JOHNSTON and John Doe Johnston, wife and husband; Ed White and Jane Doe White, dba Fountainbell Hair Creations; Kathy Sue Drowne and John Doe Drowne, wife and husband, Defendants-Appellees.**

**No. 1 CA–CIV 8677.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 16, 1986.

Farley, Robinson & Larsen by R. Chip Larsen, Phoenix, for plaintiff-appellant.

Corwin & Merritt by Brent E. Corwin and Kenneth D. Everett, Phoenix, for defendants-appellees.

## OPINION

EUBANK, Judge.

The primary issue on this appeal is whether the continued employment of a terminable-at-will employee is sufficient consideration to support a restrictive covenant executed by the employee more than two years after commencement of employment.

For purposes of this appeal, the following facts are undisputed. Kathy Sue Drowne, one of the appellees, was employed as a beautician at Hidden Hills, a Sun City beauty salon, in October, 1982. Two years later, on November 21, 1984, Drowne signed an agreement which provides that Drowne will not engage in competition in "the beauty salon business" within a "six square mile radius" of Hidden Hills for one year following termination of her employment with Hidden Hills. Drowne voluntarily terminated her employment with Hidden Hills during February, 1985. She began working for Fountainbell Hair Salon located approximately one and a half miles from Hidden Hills.

Diane Mattison, the appellant and operator of Hidden Hills, filed a complaint against the operators of Fountainbell, Donna Johnston and Ed White, and Drowne, the appellees. The complaint alleges that Drowne violated the covenant not to com-pete and that Johnston and White induced Drowne to violate the agreement and conspired to injure Mattison's business.

Johnston, White and Drowne filed a motion for summary judgment. The trial court expressly found that the restrictive covenant failed for lack of consideration and granted appellees' motion. The judgment, including an award of $1,000 for attorney's fees, was entered in favor of the appellees on September 9, 1985. Mattison filed a timely notice of appeal to this court.

The law is well established that a restrictive covenant which is ancillary to a valid employment contract and is not unreasonable in scope will be upheld in the absence of bad faith or contravening public policy. *See Lassen v. Benton*, 86 Ariz. 323, 346 P.2d 137 (1959); *Lessner Dental Laboratories, Inc. v. Kidney*, 16 Ariz.App. 159, 492 P.2d 39 (1971). There is no clear limit to the period of time during which a restraint must be imposed in order to be considered "ancillary." The *Restatement (Second) of Contracts* § 187, comment b (1979) provides in part:

> A promise made subsequent to the transaction or relationship is not ancillary to it. In the case of a continuing transaction or relationship, however, it is enough if the promise is made before its termination, as long as it is supported by consideration and meets the other requirements of enforceability.

*See also* comment a of Reporter's Note to *Restatement (Second) of Contracts* § 188 (1979). *Cf. Amex Distributing Co., Inc. v. Mascari*, 150 Ariz. 510, 724 P.2d 596 (1986).

Although there is authority to the contrary, most jurisdictions which have considered the issue have found that continued employment is sufficient consideration to support a restrictive covenant executed after employment has commenced even where employment continues to be on an at-will basis. *See generally* Annot. 51 A.L.R.3d 825 (1973).

Those jurisdictions which have rejected "continued employment" as consideration have concluded that the promise of contin-

ued employment is illusory because even though the employee signs the covenant, the employer retains the right to discharge the employee at any time. *See, e.g., Kadis v. Britt,* 224 N.C. 154, 29 S.E.2d 543 (1944); *George W. Kistler, Inc. v. O'Brien,* 464 Pa. 475, 347 A.2d 311 (1975); *McCombs v. McClelland,* 223 Or. 475, 354 P.2d 311 (1960). *See also Restatement (Second) of Contracts* § 77 (1979).

Other jurisdictions have found continued employment in an at-will relationship sufficient consideration for a variety of reasons. In *Hogan v. Bergen Brunswig, Corp.,* 153 N.J.Super. 37, 378 A.2d 1164 (1977), the court discussed the fact that in an at-will employment relationship, the employer could discharge an employee who refused to sign the agreement. Whether the consideration is viewed as "forbearance to discharge" or "continued employment", as a practical matter, the consideration is the same. The court concluded that a threat of discharge is not necessary to establish consideration by continued employment.

Similarly, in *McRand, Inc. v. Van Beelen,* 138 Ill.App.3d 1045, 93 Ill.Dec. 471, 486 N.E.2d 1306 (1985), the Illinois Court of Appeals found that in order to establish that continued employment was consideration for a restrictive covenant, it would not be necessary for an employer to discharge an at-will employee and then rehire on the condition that the employee sign a restrictive covenant.

Courts have also emphasized that it is not simply the implied promise of continued employment but performance, i.e., the continuation of employment for a substantial period of time that establishes consideration for a restrictive covenant. For example, in *Simko v. Graymar Co.,* 55 Md.App. 561, 464 A.2d 1104 (1983), the Maryland Court of Appeals stated:

> Were an employer to discharge an employee without cause in an unconscionably short length of time after extracting the employee's signature to a restrictive covenant through a threat of discharge, there would be a failure of the consideration. An employer who bargains in bad faith would be unable to enforce a restrictive covenant. Rather than adopt the bright line but inequitable rule, we deem the better approach is to hold that the continuation of employment for a substantial period beyond the threat of discharge is sufficient consideration for a restrictive covenant. What constitutes a substantial period is dependent on the facts and circumstances of a particular case.

55 Md.App. at 567, 464 A.2d at 1107–08. *See also Research & Trading Corp. v. Powell,* 468 A.2d 1301 (Del.Ch.1983); *Ranch Hand Foods v. Polar Pak Foods, Inc.,* 690 S.W.2d 437 (Mo.App.1985); *Smith, Batchelder & Rugg v. Foster,* 119 N.H. 679, 406 A.2d 1310 (1979); *Central Adjustment Bureau, Inc. v. Ingram,* 678 S.W.2d 28 (Tenn.1984).

This court adopted a similar position in *American Credit Bureau, Inc. v. Carter,* 11 Ariz.App. 145, 462 P.2d 838 (1969). American Credit Bureau sought to enforce a restrictive covenant against an at-will employee. It apparently conceded that the agreement may have lacked sufficient consideration at its inception due to the at-will nature of the employment. However, it contended that employment for three years at a sizable salary constituted sufficient consideration for the non-competition agreement. This court agreed, finding no need to determine whether the at-will employment per se was lacking in consideration at its inception. 11 Ariz.App. at 147, 462 P.2d at 840. *See Amex Distributing Co., Inc. v. Mascari, supra.*

In *Lessner Dental Laboratories, Inc. v. Kidney,* Division Two of this court concluded that there was adequate consideration on its face in a written employment contract containing a restrictive covenant in which the employer agreed to continue employment "so long as the Employee [shall] faithfully and properly perform all the duties and tasks of [her] position ... [and abide by terms of this agreement.]" However, the contract also provided that nothing required the employer to "retain the Employee if, in his sole judgment, condi-

tions or circumstances do not warrant or require the continued employment of the employee." 16 Ariz.App. at 160, 492 P.2d at 40. The court concluded that the promise of future employment was sufficient consideration for the employee's promise not to compete. It did not discuss the fact that the promise arose in the context of an at-will employment relationship. *Lessner Dental Laboratories, Inc. v. Kidney* differs from the instant case in that it involved a restrictive covenant executed at the inception of a written employment relationship. The implied promise of continuing employment to Drowne arose during the course of an unwritten at-will employment relationship.

Johnston, White and Drowne argue that Drowne continued to be employed by Hidden Hills less than three months after the restrictive covenant was signed and that this does not constitute "employment for a substantial period" sufficient to constitute consideration for the covenant. However, this argument ignores the rationale underlying those decisions which have emphasized employment itself rather than the promise of continued employment as the basis for finding consideration.

Several courts have stated that a "short" period of employment might not suffice as consideration for a restrictive covenant. However, these statements arose in the context of discussing the possibility of a bad faith action by an employer requiring an employee to sign a restrictive covenant and then discharging that employee within a short period of time. *See Simko v. Gramar Co.,* and *Central Adjustment Bureau, Inc. v. Ingram.*

In *Central Adjustment Bureau, Inc. v. Ingram,* the court emphasized that in determining whether there is consideration for a restrictive covenant a reviewing court should be concerned with both the length of employment following execution of the restrictive covenant and the circumstances of the discharge. Specifically, the court indicated its concern with whether the discharge had been made in bad faith. 678 S.W.2d at 35.

None of the cases distinguishing between short term periods of employment and employment for a "substantial time" for purposes of finding consideration address a situation, such as the one here, where the *employee* elects to terminate employment shortly after signing the covenant not to compete.

■ In this case, Drowne's employment continued for a period of almost three months after the covenant was executed before she terminated her employment. Nothing in the record indicates that Hidden Hills did not intend to continue the employment relationship. Under these circumstances we find that the implied promise of employment and continued employment were sufficient consideration for the covenant. We therefore conclude that the trial court erred in granting summary judgment on grounds that there was no consideration supporting the restrictive covenant in question.

Johnston, White and Drowne also contend that the trial court's granting of summary judgment was based on grounds in addition to lack of consideration. Specifically, they contend that: (1) no claim was stated against Johnston and White d/b/a Fountainbell; (2) the agreement is ambiguous and uncertain as to area; and (3) the agreement is overly broad, unreasonable and void as against public policy.

■ Mattison argues that the trial court's minute entry clearly reflects that judgment was based solely upon the issue of consideration. We agree with Mattison. However, we will affirm the trial court when it reaches the correct conclusion even if it does so for an incorrect reason. *Olliver/Pilcher Ins., Inc., v. Daniels,* 148 Ariz. 530, 715 P.2d 1218 (1986); *Gary Outdoor Advertising Co. v. Sun Lodge,* 133 Ariz. 240, 242, 650 P.2d 1222, 1224 (1982). We therefore consider the alternative grounds for affirmance asserted by appellees.

Johnston and White moved for summary judgment on grounds that the complaint failed to state a claim against them because they were not parties to the non-com-

petition agreement. They argued that no cause of action for conspiring to induce Drowne to violate the covenant would lie against them citing *Savard v. Selby*, 19 Ariz.App. 514, 508 P.2d 773 (1973).

■ *Savard* states that a requirement of an actionable civil conspiracy is that there be "an unlawful purpose or an unlawful means to accomplish such purpose." 19 Ariz.App. at 517, 508 P.2d at 773. *See also Uvodich v. Arizona Board of Regents*, 9 Ariz.App. 400, 453 P.2d 229 (1969). Appellees contend that the complaint does not allege an unlawful means to hire Drowne nor was hiring Drowne itself an unlawful act. Therefore, they conclude that Mattison does not have a cause of action against them for civil conspiracy. We agree. However, our inquiry does not end here.

■ In determining whether a complaint fails to state a claim, the truth of the allegations must be assumed, and dismissal can be upheld only if plaintiff would not be entitled to relief under any facts susceptible of proof under the claim stated. *Donnelly Const. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984). So viewed, the complaint does state a claim for intentional interference with contract as set forth in *Restatement (Second) of Torts* § 766 (1977) which provides:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

■ Johnston and White contend that Mattison did not make a showing that they induced Drowne not to perform. However, in the posture of this case, it was not necessary for Mattison to make such a showing. Johnston and White moved for summary judgment but argued only that the complaint failed to state a claim against them because they were not parties to the contract. They did not produce evidence that they had not induced Drowne not to perform the covenant not to compete. Although the pleading was captioned a motion for summary judgment, it is more properly characterized as a motion to dismiss for failure to state a claim with respect to the issue of Johnston and White's interference with Drowne's contract with Mattison. Rule 12(b), Arizona Rules of Civil Procedure.

■ Johnston and White also contend that when a defendant is a competitor regarding the business involved in the contract, his interference with the contract may not be improper since competition is a valid defense to such action. In support of this contention they cite *Restatement (Second) of Torts* § 766, comment g (1977). That comment discusses the fact that someone who induces another party to break a contract that is terminable at-will has a complete defense to intentional interference with contract. However, Johnston and White failed to recognize that Mattison is claiming that they induced Drowne to break the restrictive covenant not the at-will employment relationship. The *Restatement (Second) of Torts* § 768, comment i (1977) provides in part:

> An employment contract, however, may be only partially terminable at will. Thus it may leave the employment at the employee's option but provide that he is under a continuing obligation not to engage in competition with his former employer. Under these circumstances a defendant engaged in the same business might induce the employee to quit his job, but he would not be justified in engaging the employee to work for him in an activity that would mean violation of the contract not to compete.

We conclude that summary judgment in favor of Johnston and White cannot be upheld on grounds that the complaint fails to state a cause of action against them for intentional interference with the contract.

Johnston, White and Drowne also argue that summary judgment should be granted because the restrictive covenant is ambigu-

ous with respect to the territorial restrictions. The agreement provides that Drowne will not compete in the beauty salon business "within a six-square mile radius of the business location known as Hidden Hills." They argue that it is unclear whether it was intended to mean a "six-mile radius" or "six square miles" or something else.

Where a contract term is ambiguous, the trial court may consider extrinsic evidence to determine the intent of the parties. *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.,* 124 Ariz. 242, 250, 603 P.2d 513, 521 (App.1979). In support of her construction of this language, Mattison attached an affidavit to her response to the motion for summary judgment which states that this provision was discussed with Drowne and asserts the intended meaning of that provision. This raises fact issues not properly determined on a motion for summary judgment.

Johnston, White and Drowne also contend that the territorial limitation contained in the covenant not to compete is overly broad considering the nature of the beauty salon business. Further, they contend it is unreasonable considering the restrictions on Drowne's ability to earn a living. Again, these are factual issues which cannot be properly determined on a motion for summary judgment.

Finally, Johnston, White and Drowne contend that Hidden Hills failed to show any damages and alleged in the complaint that damages "are incapable of estimation." They argue that Mattison should be bound by her pleadings and absent damages, no relief should be granted.

Mattison's affidavit attached to her response to the motion for summary judgment states that she suffered a substantial loss of income in excess of $800 per month directly attributable to Drowne's leaving and being employed at Fountainbell. She does concede that there is difficulty in establishing an exact amount of the loss. However, if actual losses and damages can be proven, uncertainty as to the amount will not preclude recovery. *Atkinson v. Marquart,* 112 Ariz. 304, 541 P.2d 556 (1975). Given the posture of the proceedings, the trial court may wish to consider permitting Mattison to amend her pleadings pursuant to Rule 15, Arizona Rules of Civil Procedure, to comport with the affidavit presented in response to her motion for summary judgment. In any event, Mattison sought injunctive relief in addition to damages.

The judgment of the trial court granting Johnston, White and Drowne's motion for summary judgment is reversed and this matter is remanded to the trial court for proceedings in accordance with this opinion.

We note that appellant has requested attorney's fees pursuant to Rule 21(c), Arizona Rules of Civil Appellate Procedure. In the exercise of its discretion, this court denies appellant's request for attorney's fees.

JACOBSON, P.J., and FROEB, C.J., concur.